**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**District Judge S. Kato Crews**

Civil Action No. 1:24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, by and through its personal representatives Belynn Guerrero and Terry Martin *et al.*

      Plaintiffs,

v.

ADAMS COUNTY, COLORADO *et al.*

      Defendants.

---

MINUTE ORDER DENYING WELLPATH DEFENDANTS'
JOINT PARTIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT (DKT. 22)

---

The above-referenced Motion is before the Court. The Court rules on the Motion without awaiting Plaintiffs' response. D.C.COLO.LCivR 7.1(d). The Motion seeks to strike photographs on pages 14-16, and paragraphs 64-70, of the Complaint (Dkt. 1) under Fed. R. Civ. P. 12(f).

As an initial matter, Defendants argue that neither Fed. R. Civ. P. 10 nor Rule 10.1 of this Court's Local Rules of Practice "allows the filing of photographs within a pleading." But this is a specious reading of these rules. It is clear that neither rule *precludes* the inclusion of photographs within a pleading. *See* Fed. R. Civ. P. 10; D.C.COLO.LCivR 10.1. Indeed, both rules allow exhibit attachments to a pleading. D.C.COLO.LCivR 10.1(b) (referring to "pleadings and documents"); Fed. R. Civ. P. 10(c) (referring to "an exhibit to a pleading"). The Court sees little material distinction between exhibits presented as attachments to pleadings versus those presented in line with the allegations of a pleading.

In terms of the merits, motions to strike under Rule 12(f) are generally disfavored and rarely granted. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). "[B]ecause federal judges have made it clear . . . in many substantive contexts, that Rule 12(f) motions to strike . . . are not

favored, often being considered purely cosmetic or 'time wasters,' there appears to be general judicial agreement . . . that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." 5C Charles A. Wright et al., Fed. Prac. & Proc. § 1382 (3d ed. 2019) (footnotes omitted). Motions to strike are thus "usually only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Kimpton Hotel & Rest. Grp., LLC v. Monaco Inn, Inc.*, No. CIV.A. 07-CV-01514-W, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008).

The Court cannot say the matters Defendants seek to strike have no bearing on the controversy. Defendants seek to strike allegations and photographs which describe the deceased, his personality traits and character, and his relationships with family members and others. The Complaint's prayer for relief includes, but is not limited to, compensatory and consequential damages for past and future losses, damages for emotional distress, loss of enjoyment of life, pain and suffering, and punitive damages. The photographs and allegations have a logical bearing on one or more of Plaintiffs' damage claims, at least at this early pleading stage.

Defendants have also not shown prejudice. They rely on Fed. R. Evid. 403, arguing: "[t]he photographs and paragraphs this Motion seeks to strike are prejudicial to the Wellpath Defendants as they confuse the actual issues in this case by inducing a decision based on emotion rather than the factual circumstances of Mr. Martin's detention at ACDF and the care he received there."

But by relying on Rule 403, Defendants confess the relevance of the photographs and paragraphs they seek to strike. Fed. R. Evid. 403 (applying to the exclusion of "relevant evidence"). And further, neither the Complaint nor the allegations in it are evidence required to satisfy the evidentiary standard of Rule 403. *See, e.g., Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV 14-3053-MWF(VBKX), 2015 WL 12765483, at *3 (C.D. Cal. Feb. 12, 2015) (denying motion to strike complaint allegations sought under Fed. R. Evid. 403). The admissibility of the photographs or the matters alleged in paragraphs 64-70 of the Complaint are decisions for another day with rulings on motions in limine or at trial.

For these reasons, the Court cannot conclude the challenged pages and allegations are unrelated to the controversy at hand. And further, the Wellpath Defendants have failed to demonstrate any prejudice by inclusion of these pages and paragraphs in the Complaint. The Motion to Strike is thus DENIED.

Dated: May 30, 2024