IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, by and through its personal representatives Belynn Guerrero and
Terry Martin;
BELYNN GUERRERO, individually; and
TERRY MARTIN, individually,

       Plaintiffs,

v.

ADAMS COUNTY, COLORADO;
ADAMS COUNTY SHERIFF GENE CLAPS, in his official capacity;
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS;
WELLPATH, LLC;
H.I.G. CAPITAL, LLC;
LPN JAMIE LALICKER, in her individual capacity;
LPN SCARLETT MCCURRY, in her individual capacity;
RN KARIE MITCHELL, in her individual capacity;
RN SONYA BARRERA, in her individual capacity;
RN AMANDA BECKWITH, in her individual capacity;
LPN ANDREA PASILLAS, in her individual capacity;
MHP MARYANN MARTHA MAGLEY-HERMAN, in her individual capacity;
LPN JANICE MARSHALL, in her individual capacity;
LPN SARA POST, in her individual capacity;
RN AIMEE OLSON, in her individual capacity;
RN ASHLEY SNYDER, in her individual capacity;
LPN JESSICA HAAKESON, in her individual capacity;
DEPUTY CRYSTAL LAW, in her individual capacity;
DEPUTY KAYLA HAMPEL, in her individual capacity;
DEPUTY ALAN BARRY, in his individual capacity;
DEPUTY SCOTT FANSELOW, in his individual capacity;
DEPUTY ANDREW VASSALLO, in his individual capacity
DEPUTY LEE PATTON, in his individual capacity;
DEPUTY BRANDON SKALAK, in his individual capacity; and
DEPUTY YVON BENOIT, in her individual capacity;

       Defendants.

---

**DEFENDANT WELLPATH'S ANSWER TO
PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

Defendant Wellpath, LLC ("Defendant"), by and through undersigned counsel, hereby submits its Answer to Plaintiff's Complaint and Jury Demand [ECF #1].

## I.    INTRODUCTION

1.    Paragraph 1 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent that a response is required, this Defendant admits that Carl Martin was arrested and brought to the Adams County Detention facility ("ACD") in late March 2022 and denies the remaining allegations contained in Paragraph 1 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

2.    This Defendant denies the allegations contained in Paragraph 2 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

3.    This Defendant denies the allegations contained in Paragraph 3 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore

denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

4.      This Defendant denies the allegations contained in Paragraph 4 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

5.      This Defendant denies the allegations contained in Paragraph 5 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.      This Defendant denies the allegations contained in Paragraph 6 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

7.      This Defendant admits that Mr. Martin passed away on April 5, 2022. This Defendant denies the allegations contained in Paragraph 7 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other

Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

8.      Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, this Defendant denies the allegations contained in Paragraph 8 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

## II.      JURISDICTION AND VENUE

9.      This Defendant admits that Plaintiffs purport to bring claims pursuant to 42 U.S.C. § 1983. This Defendant denies that any constitutional violation occurred or that Plaintiff is entitled to any relief.

10.      Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, this Defendant admits that the relevant events occurred in Colorado and that this Defendant conducts business in Colorado. This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

## III.      PARTIES

11.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14.     Paragraph 14 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15.     Paragraph 15 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16.     Paragraph 16 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17.     Paragraph 17 of the Complaint does not contain allegations to which a response is required. To the extent a response is deemed required, this Defendant admits that the Complaint refers to Defendants Adams County, Sheriff Gene Claps in his official capacity, and Board of County Commissioners as "Adams County." As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those and therefore denies the same.

18.     Paragraph 18 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, this Defendant admits that it contracted with Adams County to provide certain staff and medical services at ACD and denies that it was deliberately indifferent. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

20.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21.     This Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22.     This Defendant admits the allegations contained in the first sentence of Paragraph 22 of the Complaint. As to the second sentence, this Defendant lacks knowledge or information as to the meaning of "for all intents and purposes" as alleged and therefore denies the same. The remaining allegations contained in Paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

23.     This Defendant admits it contracted with Adams County to provide certain staff and medical services at ACD. This Defendant lacks knowledge or information as to the meaning of "oversight" as alleged in the second sentence of Paragraph 23 of the Complaint and therefore denies the same.

24.     The allegations contained in Paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25.     The allegations contained in Paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant admits that it is a private corporation and denies any remaining allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent that a response is required, this Defendant admits that H.I.G. Capital, LLC, is a shareholder of Wellpath, LLC, and denies any remaining allegations contained in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent that a response is required, this Defendant admits that Correct Care Solution merged with California Forensic Medical Group. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28.     Paragraph 28 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent that a response is required, this Defendant admits that Correct Care Solutions was renamed to Wellpath. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29.     This Defendant lacks knowledge or information sufficient to form a belief as to how the amounts alleged in Paragraph 29 of the Complaint were estimated and therefore denies the same.

30.     Paragraph 30 of the Complaint is not directed at this Defendant and therefore no response is required. In addition, Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies the same.

31.     Paragraph 31 of the Complaint is not directed at this Defendant and therefore no response is required. In addition, Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

32.     Paragraph 32 of the Complaint is not directed at this Defendant and therefore no response is required. In addition, Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, this Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33.     Paragraph 33 of the Complaint is not directed at this Defendant and therefore no response is required. In addition, Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, this Defendant admits that Michael Kuritzky was the Secretary and Chief Financial Officer of Wellpath, LLC, and that Justin Reyna was on the board of Wellpath, LLC. As to the remaining allegations contained in Paragraph 33 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.     This Defendant denies the allegations contained in Paragraph 34 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

35.     Paragraph 35 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     This Defendant denies the allegations contained in Paragraph 36 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

37.     Paragraph 37 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent that a response is deemed required, this Defendant denies that it conducted any unconstitutional actions or inactions at Adams County or elsewhere, and denies all remaining allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent that a response is deemed required, this Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint does not contain allegations to which a response is required. To the extent that a response is required, this Defendant admits that the Complaint refers to Defendant Adams County, Defendant H.I.G. Capital, and this Defendant are referred to as the "Entity Defendants." As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those and therefore denies the same.

40.     Paragraph 40 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Lalicker was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 40 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

41.     Paragraph 41 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that

Defendant McCurry was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 41 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

42.     Paragraph 42 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Mitchell was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 42 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

43.     Paragraph 43 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Barrera was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 43 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

44.     Paragraph 44 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Beckwith was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 44 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

45.     Paragraph 45 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Pasillas was employed by, or an independent contractor for, this Defendant. As to any

remaining allegations contained in Paragraph 45 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

46.     Paragraph 46 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Magly-Herman was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 46 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

47.     Paragraph 47 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Marshall was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 47 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

48.     Paragraph 48 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Post was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 48 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

49.     Paragraph 49 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Olson was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 49 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

50.     Paragraph 50 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Snyder was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 50 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

51.     Paragraph 51 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Defendant Haakeson was employed by, or an independent contractor for, this Defendant. As to any remaining allegations contained in Paragraph 51 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

52.     Paragraph 52 of the Complaint does not contain allegations to which a response is required. To the extent a response is deemed required, this Defendant admits that the Complaint refers to Defendants Lalicker, McCurry, Mitchell, Barrera, Beckwith, Pasillas, Magley-Herman, Marshall, Post, Olson, Snyder, and Haakeson as "Individual Medical Defendants." As to any remaining allegations contained in Paragraph 52, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

53.     Paragraph 53 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and therefore denies the same.

54.     Paragraph 54 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and therefore denies the same.

55.     Paragraph 55 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore denies the same.

56.     Paragraph 56 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore denies the same.

57.     Paragraph 57 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and therefore denies the same.

58.     Paragraph 58 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and therefore denies the same.

59.     Paragraph 59 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and therefore denies the same.

60.     Paragraph 60 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and therefore denies the same.

61.     Paragraph 61 of the Complaint does not contain allegations to which a response is required. To the extent a response is deemed required, this Defendant admits that the Complaint refers to Defendants Law, Hampel, Barry, Fanselow, Vassallo, Patton, Skalak, and Benoit as "Individual Deputy Defendants" or "Deputy Defendants." As to any remaining allegations contained in Paragraph 61, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

62.     Paragraph 62 of the Complaint does not contain allegations to which a response is required. To the extent a response is deemed required, this Defendant admits that the Complaint refers to all Deputy Defendants and Individual Medical Defendants as "Individual Defendants." As to any remaining allegations contained in Paragraph 62, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

## IV.     FACTUAL ALLEGATIONS

63.     Paragraph 63 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

64.     Paragraph 64 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

65.     Paragraph 65 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

66.     Paragraph 66 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

67.     Paragraph 67 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

68.     Paragraph 68 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

69.     Paragraph 69 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

70.     Paragraph 70 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

71.     Paragraph 71 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

72.    Paragraph 72 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant denies that it was deliberately indifferent or that this Defendant in any way caused Mr. Martin's death. As to any remaining allegations in Paragraph 72 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to those and therefore denies the same.

73.    Paragraph 73 of the Complaint does not contain allegations to which a response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and therefore denies the same.

74.    This Defendant admits that Mr. Martin was arrested on March 30, 2022. As to the remaining allegations contained in Paragraph 74 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the Complaint and therefore denies the same.

75.    This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and therefore denies the same.

76.    This Defendant admits that Mr. Martin was detained at the Adams County Detention Facility. As to the remaining allegations in Paragraph 76 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those and therefore denies the same.

77.    This Defendant admits that Mr. Martin was detained at the Adams County Detention Facility for approximately seven days and that Mr. Martin died. As to the remaining

allegations in Paragraph 77 of the Complaint, this Defendant is without knowledge or information sufficient to form a belief as to the truth of those and therefore denies the same.

78.     This Defendant avers that information obtained and recorded during Mr. Martin's intake is best summarized in Mr. Martin's intake records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 78 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's intake records and other jail documentation.

79.     This Defendant admits that is contracted with Adams County to provide certain staff and medical services at ACDF and that it is a private company.

80.     This Defendant avers that information regarding Mr. Martin's medical receiving screening and pre-segregation health evaluation is best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 80 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

81.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 81 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

82.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in

Paragraph 82 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

83.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 83 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

84.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 84 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

85.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 85 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

86.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 86 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

87.    This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 87 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

88.    Paragraph 88 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent that a response is required, this Defendant denies the allegations contained in Paragraph 88 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

89.    Paragraph 89 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent that a response is required, this Defendant denies the allegations contained in Paragraph 89 of the Complaint to the extent that the allegations apply to its conduct. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

90.    The first sentence of Paragraph 90 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent that a response is required, and in response to the second sentence of Paragraph 90, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 90 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

91.    Paragraph 91 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent that a response is required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 91 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

92.    Paragraph 92 of the Complaint is nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations in Paragraph 92 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

93.     Paragraph 93 of the Complaint is nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant states it lacks knowledge or information sufficient to form a belief as to the scope of training for "trained nurses" as alleged in Paragraph 93 of the Complaint, and therefore denies the same.

94.     Paragraph 94 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies any allegations contained in Paragraph 94 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

95.     Paragraph 95 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 95 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

96.     This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in

Paragraph 96 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

97.    This Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 97 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

98.    Paragraph 98 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 98 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

99.    Paragraph 99 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 99 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

100.     Paragraph 100 of the Complaint contains legal conclusions to which no response is required. In addition, Paragraph 100 of the Complaint is not directed at this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of the Complaint, and therefore denies the same.

101.     Paragraph 101 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 101 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

102.     Paragraph 102 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 of the Complaint, and therefore denies the same.

103.     This Defendant avers that its Controlled Substance Log speaks for itself and denies all allegations contained in Paragraph 103 of the Complaint that are inconsistent with, or contrary to, the contents of the same.

104.     Paragraph 104 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This

Defendant denies all allegations contained in Paragraph 104 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

105.    Paragraph 105 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 105 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

106.    Paragraph 106 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of the Complaint, and therefore denies the same.

107.    Paragraph 107 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 107 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

108.    Paragraph 108 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This

Defendant denies all allegations contained in Paragraph 108 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

109.    Paragraph 109 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 109 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

110.    Paragraph 110 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 110 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

111.    Paragraph 111 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 111 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

112.    Paragraph 112 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr.

Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 112 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

113.    Paragraph 113 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 113 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

114.    Paragraph 114 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 114 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

115.    Paragraph 115 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 115 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

116.    Paragraph 116 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 116 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

117.    Paragraph 117 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 117 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

118.    Paragraph 118 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 118 of the Complaint, and therefore denies the same.

119.    This Defendant avers that its Controlled Substance Log speaks for itself and denies all allegations contained in Paragraph 119 of the Complaint that are inconsistent with, or contrary to, the contents of the same.

120.    Paragraph 120 of the Complaint contains nothing more than expert opinion masquerading as fact. In addition, Paragraph 120 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this

Defendant lacks knowledge or information as to what a nurse should know as alleged in the Complaint, and therefore denies the same.

121.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 121 of the Complaint, and therefore denies the same.

122.    Paragraph 122 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 122 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

123.    Paragraph 123 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 123 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

124.    Paragraph 124 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 124 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

125.    Paragraph 125 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 125 of the Complaint, and therefore denies the same.

126.    This Defendant avers that its Controlled Substance Log speaks for itself and denies all allegations contained in Paragraph 126 of the Complaint that are inconsistent with, or contrary to, the contents of the same.

127.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 127 of the Complaint, and therefore denies the same.

128.    Paragraph 128 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 128 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

129.    Paragraph 129 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 129 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

130.     Paragraph 130 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 130 of the Complaint, and therefore denies the same.

131.     Paragraph 131 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 131 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

132.     Paragraph 132 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 132 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

133.     Paragraph 133 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 133 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

134.    Paragraph 134 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 134 of the Complaint, and therefore denies the same.

135.    Paragraph 135 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 135 of the Complaint, and therefore denies the same.

136.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 136 of the Complaint, and therefore denies the same.

137.    Paragraph 137 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

138.    Paragraph 138 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

139.    Paragraph 139 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

140.    Paragraph 140 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 140 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

141.    This Defendant avers that its Controlled Substance Log speaks for itself and denies all allegations contained in Paragraph 141 of the Complaint that are inconsistent with, or contrary to, the contents of the same.

142.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 142 of the Complaint, and therefore denies the same.

143.    Paragraph 143 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint and therefore denies the same.

144.    Paragraph 144 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This

Defendant denies all allegations contained in Paragraph 144 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

145.     Paragraph 145 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 145 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

146.     This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 146 of the Complaint, and therefore denies the same.

147.     Paragraph 147 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 147 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

148.     Paragraph 148 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 148 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

149.     Paragraph 149 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 149 of the Complaint, and therefore denies the same.

150.     This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 150 of the Complaint, and therefore denies the same.

151.     Paragraph 151 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 151 of the Complaint, and therefore denies the same.

152.     Paragraph 152 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 152 of the Complaint, and therefore denies the same.

153.     Paragraph 153of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 153 of the Complaint, and therefore denies the same.

154.     Paragraph 154 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 154 of the Complaint, and therefore denies the same.

155.    Paragraph 155 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 155 of the Complaint, and therefore denies the same.

156.    Paragraph 156 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint and therefore denies the same.

157.    Paragraph 157 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 157 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

158.    Paragraph 158 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint and therefore denies the same.

159.    Paragraph 159 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint and therefore denies the same.

160.    Paragraph 160 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 160 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

161.    Paragraph 161 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 161 of the Complaint, and therefore denies the same.

162.    This Defendant avers that its Controlled Substance Log speaks for itself and denies all allegations contained in Paragraph 162 of the Complaint that are inconsistent with, or contrary to, the contents of the same.

163.    Paragraph 163 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 163 of the Complaint, and therefore denies the same.

164.    Paragraph 164 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint and therefore denies the same.

165. This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 165 of the Complaint, and therefore denies the same.

166. This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 166 of the Complaint, and therefore denies the same.

167. This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 167 of the Complaint, and therefore denies the same.

168. Paragraph 168 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 168 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

169. Paragraph 169 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 169 of the Complaint, and therefore denies the same.

170. Paragraph 170 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 170 of the Complaint, and therefore denies the same.

171. Paragraph 171 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks

knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 171 of the Complaint, and therefore denies the same.

172.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 172 of the Complaint, and therefore denies the same.

173.    Paragraph 173 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 173 of the Complaint, and therefore denies the same.

174.    Paragraph 174 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 174 of the Complaint, and therefore denies the same.

175.    Paragraph 175 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint and therefore denies the same.

176.    Paragraph 176 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint and therefore denies the same.

177.    Paragraph 177 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks

knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 177 of the Complaint, and therefore denies the same.

178.    Paragraph 178 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint and therefore denies the same.

179.    Paragraph 179 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint and therefore denies the same.

180.    Paragraph 180 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint and therefore denies the same.

181.    Paragraph 181 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint and therefore denies the same.

182.    Paragraph 182 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 182 of the Complaint, and therefore denies the same.

183.     Paragraph 183 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 183 of the Complaint, and therefore denies the same.

184.     Paragraph 184 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 184 of the Complaint, and therefore denies the same.

185.     Paragraph 185 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 185 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

186.     Paragraph 186 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 186 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

187.     Paragraph 187 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks

knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 187 of the Complaint, and therefore denies the same.

188.    Paragraph 188 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 188 of the Complaint, and therefore denies the same.

189.    Paragraph 189 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 189 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

190.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 190 of the Complaint, and therefore denies the same.

191.    Paragraph 191 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 191 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

192.    Paragraph 192 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint, and therefore denies the same.

193.    Paragraph 193 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint, and therefore denies the same.

194.    Paragraph 194 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint, and therefore denies the same.

195.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 195 of the Complaint, and therefore denies the same.

196.    Paragraph 196 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information as to the meaning of the word "deteriorate" as alleged in Paragraph 196 of the Complaint and therefore denies the same. As to the rest of Paragraph 196 of the Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 196 of the Complaint, and therefore denies the same.

197.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 197 of the Complaint, and therefore denies the same.

198.    This Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 198 of the Complaint, and therefore denies the same.

199.    Paragraph 199 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint, and therefore denies the same.

200.    Paragraph 200 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint, and therefore denies the same.

201.    Paragraph 201 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint, and therefore denies the same.

202.    Paragraph 202 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 202 of the Complaint, and therefore denies the same.

203.    Paragraph 203 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint, and therefore denies the same.

204.     Paragraph 204 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint, and therefore denies the same.

205.     Paragraph 205 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the Complaint, and therefore denies the same.

206.     Paragraph 206 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 206 of the Complaint, and therefore denies the same.

207.     Paragraph 207 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 207 of the Complaint, and therefore denies the same.

208.     Paragraph 208 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 208 of the Complaint, and therefore denies the same.

209.     Paragraph 209 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks

knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 209 of the Complaint, and therefore denies the same.

210.     Paragraph 210 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 210 of the Complaint, and therefore denies the same.

211.     Paragraph 211 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Complaint, and therefore denies the same.

212.     Paragraph 212 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint and therefore denies the same.

213.     Paragraph 213 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 213 of the Complaint, and therefore denies the same.

214.     Paragraph 214 of the Complaint is not directed toward this Defendant, and therefore no response is required. Furthermore, the parenthetical in the second sentence of Paragraph 214 contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical

conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 214 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

215.    Paragraph 215 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 215 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

216.    Paragraph 216 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 216 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

217.    Paragraph 217 of the Complaint is not directed toward this Defendant, and therefore no response is required. Furthermore, the third sentence of Paragraph 214 contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained

in Paragraph 217 of the Complaint that are inconsistent with, or contrary to, the contents of Mr.

Martin's medical records and other jail documentation.

218.    Paragraph 218 of the Complaint is not directed toward this Defendant, and therefore

no response is required. To the extent a response is deemed required, this Defendant avers that Mr.

Martin's medical conditions and the interventions and care he received are best summarized in Mr.

Martin's medical records and other jail documentation, which speak for themselves. This

Defendant denies all allegations contained in Paragraph 218 of the Complaint that are inconsistent

with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

219.    Paragraph 219 of the Complaint is not directed toward this Defendant, and therefore

no response is required. To the extent a response is deemed required, this Defendant avers that Mr.

Martin's medical conditions and the interventions and care he received are best summarized in Mr.

Martin's medical records and other jail documentation, which speak for themselves. This

Defendant denies all allegations contained in Paragraph 219 of the Complaint that are inconsistent

with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

220.    Paragraph 220 of the Complaint is not directed toward this Defendant, and therefore

no response is required. To the extent a response is deemed required, this Defendant avers that Mr.

Martin's medical conditions and the interventions and care he received are best summarized in Mr.

Martin's medical records and other jail documentation, which speak for themselves. This

Defendant denies all allegations contained in Paragraph 220 of the Complaint that are inconsistent

with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

221.    Paragraph 221 of the Complaint is not directed toward this Defendant, and therefore

no response is required. To the extent a response is deemed required, this Defendant avers that Mr.

Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 221 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

222.    Paragraph 222 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 222 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

223.    Paragraph 223 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records and other jail documentation, which speak for themselves. This Defendant denies all allegations contained in Paragraph 223 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records and other jail documentation.

224.    Paragraph 224 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records, which speak for themselves. This Defendant denies all allegations contained in Paragraph 224 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records.

225.    Paragraph 225 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant admits that Mr. Martin passed away on April 5, 2022, and avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's medical records, which speak for themselves. This Defendant denies all allegations contained in Paragraph 225 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's medical records.

226.    Paragraph 226 of the Complaint is not directed toward this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant avers that Mr. Martin's medical conditions and the interventions and care he received are best summarized in Mr. Martin's autopsy report, which speaks for itself. This Defendant denies all allegations contained in Paragraph 226 of the Complaint that are inconsistent with, or contrary to, the contents of Mr. Martin's autopsy report.

227.    Paragraph 227 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent that a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 of the Complaint and therefore denies the same.

228.    Paragraph 228 of the Complaint contains legal conclusions to which no response is required. Furthermore, the second and third sentences of Paragraph 228 contain nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 of the Complaint and therefore denies the same.

229.     Paragraph 229 of the Complaint contains legal conclusions to which no response is required. Furthermore, the second sentence of Paragraph 229 contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 of the Complaint and therefore denies the same.

230.     Paragraph 230 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230, and therefore denies the same.

231.     Paragraph 231 of the Complaint does not contain allegations to which a response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 and therefore denies the same.

232.     This Defendant denies all allegations contained in Paragraph 232 of the Complaint.

233.     Paragraph 233 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. Furthermore, Paragraph 233 of the Complaint is not directed at this Defendant, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the Complaint and therefore denies the same.

234.     This Defendant denies all allegations contained in Paragraph 234 of the Complaint.

235.     This Defendant denies all allegations contained in Paragraph 235 of the Complaint.

236.    Paragraph 236 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant admits that it provides training to its employees and denies all other allegations contained in Paragraph 236 of the Complaint.

237.    Paragraph 237 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 of the Complaint and therefore denies the same.

238.    Paragraph 238 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238, and therefore denies the same.

239.    Paragraph 239 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 of the Complaint, and therefore denies the same.

240.    This Defendant admits that it contracted with Adams County to provide certain staff and medical services at ACD and denies all other allegations contained in Paragraph 240 of the Complaint.

241.    Paragraph 241 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, this Defendant admits that it contracted with Adams County to provide certain staff and medical services at ACD and denies that it was

deliberately indifferent. To the extent that the allegations apply to the conduct of any other Defendant, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 241 of the Complaint, and therefore denies the same. As to any remaining allegations, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

242.    Paragraph 242 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the Complaint and therefore denies the same.

243.    Paragraph 243 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 of the Complaint and therefore denies the same.

244.    This Defendant denies the allegations contained in Paragraph 244 of the Complaint, and specifically denies that it has engaged in any "unconstitutional training, policies, [or] customs."

245.    Paragraph 245 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant denies that it "customarily provided inadequate, deliberately indifferent" care and all other allegations contained in Paragraph 245 of the Complaint.

246.    This Defendant denies the allegations contained in Paragraph 246 of the Complaint, and specifically denies that it has "constitutionally deficient training, policies, and practices."

247.     This Defendant denies the allegations contained in Paragraph 247 of the Complaint, and specifically denies that it engaged in "a widespread pattern and practice of deliberately indifferent medical care."

248.     Paragraph 248 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 248 of the Complaint, and specifically denies that it violated Mr. Martin's constitutional rights.

249.     This Defendant denies the allegations contained in Paragraph 249 of the Complaint, and specifically denies maintaining a "policy [or] custom of deliberate indifference."

250.     The allegations contained in Paragraphs 250-252 of the Complaint do not concern the care provided to Carl Martin and occurred well before this Defendant was contracted to provide services at ACDF. To the extent a response is deemed necessary, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

251.     This Defendant admits that it contracted with Adams County to provide certain medical services to the Adams County Detention Facility and denies all other allegations contained in Paragraph 253 of the Complaint.

252.     The allegations contained in Paragraph 254 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed necessary, this Defendant defers to the medical records for the individual identified in Paragraph 254 of the Complaint; to the extent these allegations differ from the medical records, they are denied.

253.    This Defendant denies the allegations contained in Paragraph 255 of the Complaint, and specifically denies that it has "policies, customs, and practices demonstrating deliberate indifference to the medical needs and constitutional rights of inmates."

254.    This Defendant denies the allegations contained in Paragraph 256 of the Complaint, and specifically denies that it "maintains unconstitutional policies and customs that are deliberately indifferent to inmates' serious medical needs."

255.    This Defendant denies the allegations contained in Paragraph 257 of the Complaint, and specifically denies that it has "unconstitutional policies and practices."

256.    The allegations contained in Paragraph 258 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed necessary, this Defendant denies the allegations made by Plaintiffs or in the referenced deposition testimony.

257.    The allegations contained in Paragraph 259 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed necessary, this Defendant denies the allegations made by Plaintiffs or in the referenced report.

258.    The allegations contained in Paragraph 260 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed necessary, this Defendant denies the allegations made by Plaintiffs or the referenced "anonymous jail nurse."

259.    The allegations contained in Paragraph 261 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed necessary, this Defendant denies the allegations made by Plaintiffs or the referenced report.

260.    Paragraph 262 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies that it engaged in "deliberate indifference" and all other allegations contained in Paragraph 262 of the Complaint.

261.    The allegations contained in Paragraph 263 -271 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed required, this Defendant defers to the medical records for each individually named detainee/inmate as its response to these varied allegations; to the extent these allegations differ from the medical records, they are denied.

262.    Defendant denies all allegations contained in Paragraph 272 of the Complaint, and specifically denies that it was deliberately indifferent.

263.    The allegations contained in Paragraphs 273-276 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed required, this Defendant defers to the medical records for each individually named detainee/inmate as its response to these varied allegations; to the extent these allegations differ from the medical records, they are denied.

264.    The allegations contained in Paragraphs 277-278 and all subparts thereto, of the Complaint do not concern care provided to Carl Martin. To the extent a response is deemed required, this Defendant denies all allegations made by Plaintiffs or in the referenced "reports."

265.    The allegations contained in Paragraphs 279-296 of the Complaint do not concern care provided to Carl Martin. To the extent a response is deemed required, this Defendant defers to the medical records for each individually named detainee/inmate as its response to these varied allegations; to the extent these allegations differ from the medical records, they are denied.

266.     The allegations contained in Paragraphs 297-298 of the Complaint do not concern the care provided to Carl Martin. To the extent a response is deemed required, this Defendant denies the allegations made by Plaintiffs and in the referenced report.

267.     The allegations contained in Paragraphs 299-301 of the Complaint do not concern care provided to Carl Martin. To the extent a response is deemed required, this Defendant defers to the medical records for each individually named detainee/inmate as its response to these varied allegations; to the extent these allegations differ from the medical records, they are denied.

268.     This Defendant denies all allegations contained in Paragraph 302 of the Complaint.

269.     Paragraph 303 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 303 of the Complaint and specifically denies having a "pattern of serious deficiencies" or "unconstitutionally inadequate medical care."

270.     Paragraph 304 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 304 of the Complaint.

271.     Paragraph 305 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 305 of the Complaint.

272.     Paragraph 306 of the Complaint is not directed at this Defendant and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 306 of the Complaint and specifically denies any "unconstitutional actions" on its part.

273.    This Defendant denies all allegations contained in Paragraph 307 of the Complaint.

274.    This Defendant denies that it has a "deliberately indifferent policy, custom, and/or practice … [resulting] in a custom or culture of inadequate medical care" and all other allegations contained in Paragraph 308 of the Complaint.

275.    This Defendant denies that it approves or defends "deliberate indifference" and all other allegations contained in Paragraph 309 of the Complaint.

276.    This Defendant denies that it had "knowledge of constitutionally deficient care" and all other allegations contained in Paragraph 310 of the Complaint.

277.    This Defendant denies all allegations contained in Paragraph 311 of the Complaint.

278.    This Defendant denies all allegations contained in Paragraph 312 of the Complaint, and specifically denies having a custom, policy, or practice of deliberate indifference.

279.    This Defendant denies all allegations contained in Paragraph 313 of the Complaint, and specifically denies creating, tolerating, or encouraging "a custom of deliberate indifference."

280.    This Defendant denies all allegations contained in Paragraph 314 of the Complaint, and specifically denies violating any individual's constitutional rights.

281.    This Defendant denies all allegations contained in Paragraph 315 of the Complaint, and specifically denies that was "deliberately indifferent."

282.    Paragraph 316 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 316 of the Complaint.

283.    Paragraph 317 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 317 of the Complaint.

284.    Paragraph 318 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 318 of the Complaint.

285.    Paragraph 319 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies all allegations in Paragraph 319 of the Complaint.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### 14th Amendment – Failure to Provide Adequate Medical Care and Treatment
### (By the Estate of Carl Martin Against All Defendants)

286.    Paragraph 320 of the Complaint is a statement of incorporation to which no response is required. This Defendant incorporates its response to Paragraphs 1-319 of the Complaint as though fully restated herein.

287.    Paragraph 321 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, this Defendant denies that it violated Carl Martin's constitutional rights.

288.    Paragraph 322 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 322 of the Complaint.

289.    Paragraph 323 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, this Defendant admits that Mr. Martin was a pre-trial detainee and denies all other allegations contained in Paragraph 323 of the Complaint.

290.    Paragraph 324 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 324 of the Complaint.

291.    Paragraph 325 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 325 of the Complaint.

292.    Paragraph 326 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 326 of the Complaint.

293.    Paragraph 327 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 327 of the Complaint.

294.    Paragraph 328 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 328 of the Complaint.

295.    Paragraph 329 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 329 of the Complaint.

296.    Paragraph 330 of the Complaint contains nothing more than expert opinion masquerading as fact, to which no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 330 of the Complaint.

297.    Paragraph 331 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to what a "reasonable official in the circumstances" would have known or understood, and therefore denies the allegations contained in Paragraph 331 of the Complaint.

298.    Paragraph 332 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies all allegations contained in Paragraph 332 of the Complaint.

299.    Paragraph 333 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or information sufficient to form a belief as to what a "layperson" would have known, and therefore denies the allegations contained in Paragraph 333 of the Complaint.

300.    Paragraph 334 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 334 of the Complaint.

301.    Paragraph 335 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 335 of the Complaint.

302.     Paragraph 336 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant specifically denies having "deliberately indifferent policies, training, practices, habits, customs, widespread usages, [or] failure to train and supervise" its employees and contractors and denies all other allegations contained in Paragraph 336 of the Complaint.

303.     Paragraph 337 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 337 of the Complaint.

304.     Paragraph 338 of the Complaint is not directed at this Defendant and states conclusions of law, and therefore no response is required. To the extent a response is deemed required, this Defendant denies having "deliberately indifferent policies, customs, practices, [or] failing to adequately train [or] supervise" its employees, and denies all other allegations contained in Paragraph 338 of the Complaint.

305.     Paragraph 339 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies violating Mr. Martin's constitutional rights, and denies all other allegations contained in Paragraph 339 of the Complaint.

306.     Paragraph 340 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies having a pattern of deliberate indifference, and denies all other allegations contained in Paragraph 340 of the Complaint.

307.     Paragraph 341 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies any deliberate

indifference on its part, and denies all other allegations contained in Paragraph 341 of the Complaint.

308.     Paragraph 342 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 342 of the Complaint.

309.     Paragraph 343 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 343 of the Complaint.

310.     Paragraph 344 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies that it used "excessive force or deliberate indifference," and denies all other allegations contained in Paragraph 344 of the Complaint.

311.     Paragraph 345 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies that it violated Mr. Martin's constitutional rights, and denies all other allegations contained in Paragraph 345 of the Complaint.

312.     Paragraph 346 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 346 of the Complaint.

313.     Paragraph 347 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 347 of the Complaint.

314.    Paragraph 348 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 348 of the Complaint.

315.    Paragraph 349 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 349 of the Complaint.

316.    Paragraph 350 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 350 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Negligence Causing Wrongful Death**
**Colo. Rev. Stat. §§ 13-21-201 *et seq.***
**(By Belynn Guerrero and Terry Martin, individually, against all Defendants)**

317.    Paragraph 351 of the Complaint is a statement of incorporation to which no response is required. Defendant incorporates its response to Paragraphs 1-349 of the Complaint as though fully restated herein.

318.    Paragraph 352 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant admits that it is a private corporation that contracted with Adams County to provide certain staff and medical services at ACD and denies that it was deliberately indifferent.

319.    Paragraph 353 of the Complaint is not directed at this Defendant and contains legal conclusions, and therefore no response is required. To the extent a response is required, this Defendant admits it employed the Individual Medical Defendants and denies all other allegations in Paragraph 353 of the Complaint.

320.    Paragraph 354 of the Complaint is not directed at this Defendant and contains legal conclusions, and therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 354 of the Complaint and therefore denies the same.

321.    Paragraph 355 of the Complaint is not directed at this Defendant and contains legal conclusions, and therefore no response is required. To the extent a response is required, this Defendant admits that Carl Martin was in custody at ACD and denies all other allegations contained in Paragraph 355 of the Complaint.

322.    Paragraph 356 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 356 of the Complaint.

323.    Paragraph 357 of the Complaint is not directed at this Defendant and contains legal conclusions, and therefore no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 357 of the Complaint.

324.    Paragraph 358 of the Complaint is not directed at this Defendant and contains legal conclusions, and therefore no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 358 of the Complaint.

325.    Paragraph 359 of the Complaint is not directed at this Defendant and contains legal conclusions, and therefore no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 359 of the Complaint.

326.    This Defendant admits that Plaintiffs have accurately quoted a portion of C.R.S. § 16-3-401 in Paragraph 360 of the Complaint, but denies that the quoted language, any other portion

of C.R.S. § 16-3-401, or the state or federal constitution, provides a basis for liability in the present action.

327.    Paragraph 361 of the Complaint is not directed at this Defendant and contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 361 of the Complaint.

328.    Paragraph 362 of the Complaint is not directed at this Defendant and contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 362 of the Complaint.

329.    Paragraph 363 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies that it or its agents/employees were negligent and further states it complied with the standard of care as to Mr. Martin.

330.    Paragraph 364 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies that it or its agents/employees were negligent and further states it complied with the standard of care as to Mr. Martin.

331.    Paragraph 365 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 365 of the Complaint.

332.    Paragraph 366 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies the allegations contained in Paragraph 366 of the Complaint.

333.    Paragraph 367 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies that it was negligent and denies all other allegations contained in Paragraph 367 of the Complaint.

334.    Paragraph 368 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies that it was negligent and denies all other allegations contained in Paragraph 368 of the Complaint.

335.    Paragraph 369 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 369 of the Complaint.

336.    Paragraph 370 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies that it was negligent and denies all other allegations contained in Paragraph 370 of the Complaint.

337.    Paragraph 371 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies that it was negligent and denies all other allegations contained in Paragraphs 371 of the Complaint.

338.    Paragraph 372 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 372 of the Complaint.

339.    Paragraph 373 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 373 of the Complaint.

340.    Paragraph 374 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in Paragraph 374 of the Complaint.

## THIRD CLAIM FOR RELIEF
### C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 20 and Colo. Const. Art. II, Section 25
### Inadequate Medical and Mental Health Care and Treatment
### (By Estate of Carl Martin Against Defendants Law, Hampel, Barry, Fanselow, Patton, Skalak, Benoit, and Vassalo)

341.    Paragraph 375 of the Complaint is a statement of incorporation to which no response is required. This Defendant incorporates its response to Paragraphs 1-374 of the Complaint as though fully restated herein.

342.    Paragraph 376 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 376 of the Complaint, and therefore denies the same.

343.    Paragraph 377 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 377 of the Complaint, and therefore denies the same.

344.    Paragraph 378 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 378 of the Complaint, and therefore denies the same.

345.    Paragraph 379 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 379 of the Complaint, and therefore denies the same.

346.    Paragraph 380 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 380 of the Complaint, and therefore denies the same.

347.    Paragraph 381 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 381 of the Complaint, and therefore denies the same.

348.    Paragraph 382 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 382 of the Complaint, and therefore denies the same.

349.    Paragraph 383 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 383 of the Complaint, and therefore denies the same.

350.    Paragraph 384 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 384 of the Complaint, and therefore denies the same.

351.    Paragraph 385 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 385 of the Complaint, and therefore denies the same.

352.    Paragraph 386 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 386 of the Complaint, and therefore denies the same.

353.    Paragraph 387 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 387 of the Complaint, and therefore denies the same.

354.    Paragraph 388 of the Complaint is not directed at this Defendant and contains legal conclusions, therefore no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 388 of the Complaint, and therefore denies the same.

**PRAYER FOR RELIEF**

This Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

The Rules of Civil Procedure require every defendant to plead potential Affirmative Defenses at the time the Answer is filed or risk a determination that the potential Affirmative Defenses are waived, even though no disclosures have been exchanged, and no right of discovery exists, at the time the Answer is filed. Therefore, the following Affirmative Defenses are necessarily pled based only on information and belief. Defendant reserves the right to seek leave to add, withdraw, and/or modify Affirmative Defenses once disclosures are exchanged, discovery is received, or other information is obtained. Defendant, through its counsel of record, affirmatively state as follows:

1.      Defendant denies each and every allegation not specifically admitted herein.

2.      Plaintiffs' Complaint may fail to state a claim upon which relief may be granted.

3.      Plaintiffs' injuries and damages, if any, may be the result of others over whom Defendant has no control or right of control.

4.      Plaintiffs may not be the real party in interest to all of the claims set forth in Plaintiffs' Complaint.

5.      Plaintiffs' recovery of exemplary damages, if any, is limited by the provisions of C.R.S. § 13-21-102.

6.      In the event that a verdict is returned in favor of Plaintiffs, Defendant is entitled to a reduction of the damages award, if any, to the extent of any payments made to Plaintiff from a collateral source under the provisions of C.R.S. § 13-21-111.6.

7.      Plaintiffs' recovery, if any, is limited by the provisions of C.R.S. § 13-21-203, and the applicable case law.

8.      Plaintiffs' recovery, if any, is limited by the provisions of C.R.S. § 13-21-203.5.

9.      Defendant's liability, if any, is limited by the provisions of C.R.S. § 13-21-111.5.

10.     Defendant reserves the right to assert applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. §§ 13-50.5-102, *et seq*.

11.     Plaintiffs' damages, if any, may be the sole and proximate result of a pre-existing condition.

12.     Defendant asserts any and all protections, limitations, and rights afforded under the Health Care Availability Act, C.R.S. §§ 13-64-101, *et seq*.

## NOTICE OF RIGHT OF CONTRIBUTION AND RIGHTS RELATIVE TO DESIGNATION OF NONPARTIES

Although Defendant expressly denies any wrongdoing, Plaintiffs are hereby notified that Defendant's judgment liability, if any, is limited to the degree of negligence or fault attributable to each of the tortfeasors pursuant to C.R.S. § 13-21-111.5. Plaintiffs are further notified that Defendant reserves the right to designate nonparties pursuant to C.R.S. § 13-21-111.5(3)(b). In the event of a settlement or judgment in favor of Plaintiffs and any other alleged tortfeasor, Plaintiffs are further notified of Defendant's claimed right of contribution and/or statutory credit the degree or percent of negligence or fault attributable to the other alleged tortfeasor. *See* C.R.S. § 13-50.5-103 through 105. In the event of a settlement between Plaintiffs and any nonparty tortfeasor and/or in the event of the dismissal of a party without payment, this paragraph constitutes Defendant's notice of designation pursuant to C.R.S. § 13-21-111.5, with a supplemental notice to be filed upon notification of settlement or dismissal.

**RIGHT TO AMEND**

Defendant reserves the right to amend this Answer and add additional defenses as warranted by subsequent investigation and ongoing discovery in this lawsuit.

**THIS DEFENDANT DEMANDS A TRIAL BY A JURY OF SIX**

WHEREFORE, Defendant Wellpath, having fully answered Plaintiffs' Complaint and Jury Demand, respectfully requests that the Plaintiffs' Complaint be dismissed and that it be awarded its costs incurred in the defense of this suit, including expert witness fees, and such other relief as may be proper.

Respectfully submitted this 3rd day of June 2024.

*/s/ Carolyn A. Black*
Brenda S. McClearn, Esq.
Emma M. Feeney, Esq.
Carolyn A. Black, Esq.
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
bmcclearn@hallboothsmith.com
efeeney@hallboothsmith.com
ablack@hallboothsmith.com
***Attorneys for Defendant Wellpath***

## CERTIFICATE OF SERVICE

Civil Action No. 24-cv-00855-SKC-KAS

     I hereby certify that on this 3rd day of June 2024, I filed the foregoing **DEFENDANT WELLPATH'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** electronically with the Clerk of Court via CM/ECF system which will send notification of such filing to the following:

Darold W. Killmer, Esq.
Liana G. Orshan, Esq.
Madison S. Lips, Esq.
Killmer Lane, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dkillmer@killmerlane.com
lorshan@killmerlane.com
mlips@killmerlane.com

Kerri A. Booth, Esq.
Adams County Attorney's Office
4430 South Adams County Parkway
5th Floor, Suite C5000B
Brighton, CO 80601
kbooth@adcogov.org

*Attorney for Adams County Defendants*

David W. Foley, Esq.
Kayla Foley, Esq.
The Foley Law Firm
102 S. Tejon Street
Colorado Springs, CO 80903
kb@davidfoley.net

*Attorneys for Plaintiffs*

Joyce C. Williams, Esq.
Akerman LLP
1900  16th Street, Suite 950
Denver, CO 80202
Joyce.c.williams@akerman.com

*Attorney for Defendant H.I.G. Capital, LLC*

Deborah M. Henson, Esq.
Law Office of Deborah M. Henson, LLC
deb@deborahmhenseon.com

*Attorney for Defendant MHP Maryann Martha Magley-Herman*

*/s/ Dixie Child*
Dixie Child