**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, *et al.*,

Plaintiffs,

v.

ADAMS COUNTY, COLORADO, *et al.*,

Defendants.

---

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

---

Plaintiffs and Defendants, by and through their undersigned counsel of record (the "Parties"), stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests and includes, but is not limited to:

a. Information in which a party asserts that it has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure;

b. Medical records and protected health information as defined under HIPAA;

c. Proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, safety and security protocols, trade secrets as defined by Colo. Rev. Stat. § 7-74-101, et seq., training materials, financial information, personnel or personal information regarding employees of the entity Defendants, including but not limited to the individual Defendants, and similar information treated or considered by a party, whether by policy or practice, to be confidential or proprietary;

d. Information implicating a nonparty's privacy interest, including but not limited to sensitive criminal justice information, personal identifying information, and personal employment information, which a party considers confidential;

e. Information related to the operation of the Adams County Detention Facility that, if publicly disclosed, may create safety, security, or operational concerns, and

f. Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

4. Information designated "ATTORNEYS' EYES ONLY" shall be CONFIDENTIAL information that counsel of record for the designating party has determined, in good faith, constitutes or refers or relates to non-public highly sensitive commercial and/or competitive

information which if disclosed would have a significant adverse impact on the designating party's business, financial condition, or ability to compete, or otherwise would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. As a condition of designating documents "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

6. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The above listing of types of documents that may be considered CONFIDENTIAL or ATTORNEYS' EYES ONLY does not preclude any party from invoking the procedures contained herein to object to the designation of documents of the types listed here.

7. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a. attorneys working on this case;

b. persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the Parties, which include designated representatives for the entity Defendants to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, but only after such persons have completed the certification contained in **Attachment A**, Acknowledgment and Agreement to be Bound;

e. the Court and its employees ("Court Personnel");

f. any mediator appointed by the Court or jointly selected by the Parties;

g. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

h. any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in **Attachment A**;

i. any individual necessary to respond to any licensing, credentialing, peer review, quality management, or other professional inquiry, and only after such persons have completed the certification contained in **Attachment A**;

j. The author or recipient of the document (not including a person who received the document in the course of the litigation);

k. independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, and only after such persons have completed the certification contained in **Attachment A**;

l. any insurer to a party in this matter; and

m. other persons by written agreement of the parties.

8. Information designated "ATTORNEYS' EYES ONLY" shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a. attorneys working on this case;

b. persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, but only after such persons have completed the certification contained in **Attachment A;**

d. Court Personnel;

e. any mediator appointed by the Court or jointly selected by the Parties;

f. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. the author or recipient of the document (not including a person who received the document in the course of the litigation);

h. independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, and only after such persons have completed the certification contained in **Attachment A;**

i. any insurer to a party in this matter; and

j. other persons by written agreement of the parties.

9. Documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL or ATTORNEYS' EYES ONLY in clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

10. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. If the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY is made on the record at the deposition, then the testimony shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY through and including the end of the 30-day period after completion of the transcript. If testimony is not designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the testimony shall be treated as non-confidential until and unless it is later designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, in which case it shall be treated as contemplated in paragraph 12 below. The cover page and those portions of the original transcripts that contain CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall

bear a legend indicating that the transcript contains such material, such as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The use of Exhibits that are marked CONFIDENTIAL or ATTORNEYS' EYES ONLY during deposition does not cause them to lose their CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, however, any testimony about those Exhibits will be considered non-confidential until and unless it is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

11. If a document marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY contains personal information that is not material to the claims and defenses at issue in the case, the filing party shall redact the information rather than restrict public access and prepare and circulate a privilege log.

12. Whenever a party inadvertently fails to designate any information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, that party may correct such failure by giving written notice to the other party(ies). Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other party(ies) as soon as they become available. Within ten (10) days of receipt of the substitute copies, the party(ies) receiving the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall return the previously unmarked information or destroy it.

13. A Party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. Pursuant to this Court's practice standards regarding discovery disputes, the Parties must

then further confer by video, telephone, or in person. The duty to meet and confer requires counsel to be timely and responsive to opposing counsel's effort to confer. Parties should discuss their respective positions in detail and provide a legal and factual basis for each position and any compromise position that would be acceptable. If the Parties cannot resolve the objection, it shall be the obligation of the Party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to email the Court as referenced in D.C.COLO.MJ VI, setting forth the parties' conferral efforts and a brief description of the nature of the dispute.

14. Any emailed request for a discovery dispute conference regarding disputed CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be completed within fourteen (14) days of the aforementioned notice objecting to a confidentiality designation. If such contact with the Court is timely made, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the issue.

15. If the designating Party fails to contact the Court within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a request made to the Court under this provision, the Party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

16. The Parties shall comply with D.C.COLO.LCivR 7.2, and explicitly identify and discuss each factor in any motion or request to restrict access based on this Protective Order.

17. This Protective Order shall not prohibit the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY material in depositions, pleadings, motions, at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case and provided that such uses comply with this Protective Order. This Protective Order does not waive any right of any party to file a motion to seal all or a portion of papers and documents filed with the Court.

18. Information shall not be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY after the conclusion of this case. However, any information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY during the pendency of this case, and which retains such designation until and including the conclusion of this case, shall retain such designation. The restrictions of this Protective Order on the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall survive the conclusion of this case. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall: be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, destroyed by counsel, or preserved by counsel in a manner that is fully consistent with the terms of this Protective Order and the attorneys' law firm's office procedures. Counsel for each party may retain copies of the court papers, deposition and trial transcripts, and attorney work product that contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

19. Pursuant to FRE 502 (b), the parties agree to take reasonable steps to avoid inadvertent disclosure of privileged and protected documents and electronically stored information, and to promptly take reasonable steps to rectify the error if it occurs. The parties further agree as follows:

a. If the receiving party determines that documents, data, or information (including, without limitation, metadata) produced by a party may reasonably be subject to a legally recognized privilege, immunity, or other right not to produce such information, the receiving party will refrain from reading the document, data, or information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure, promptly notify the producing party in writing that it has discovered documents, data, and/or information believed to be privileged, immune, or otherwise not subject to production, identify the documents, data, or information by bates number range or hash value range, and return or sequester the documents until the producing party confirms whether it does indeed assert any privilege protecting such documents. Once the producing party asserts privilege over such documents, data, and/or information (as described in paragraph d below), the receiving party will return, sequester, or destroy all copies of such documents, data, or information, along with any notes, abstracts, or compilations of the content thereof, within ten (10) business days of notice from the producing party. To the extent that documents, data, and/or information have been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the protected document extracted from the database.

Where such protected documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

b. If the producing party intends to assert a claim of privilege or other protection over documents, data, or information identified by the receiving party, the producing party will, within ten (10) business days of receiving the receiving party's written notification, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such documents, data, or information that is consistent with the requirement of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity, or basis for non-disclosure, and in the event, if any portion of the documents, data, or information does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document, data, or information that omits the information that the producing party believes is subject to a claim of privilege, immunity, or other protection.

c. If, during the course of litigation, a party determines it has produced documents, data, or information (including, without limitation, metadata) protected from discovery by a legally recognized claim of privilege, immunity, or other right not to produce such information, the producing party may notify the receiving party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record

at a deposition, promptly followed up in writing. The producing party's written notice will identify the document, data, and/or information inadvertently produced by bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of privilege and shall provide the receiving party with a log for such documents, data, or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity, or basis for non-disclosure, and in the event any portion of the document, data, or information does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document, data, or information that omits the information that the producing party believes is subject to a claim of privilege, immunity, or other protection. After receiving such written notification, the receiving party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified document, data, and/or information and any copies, along with any notes, abstracts, or compilations of the content thereof;

d. A receiving party's return, sequestering, or destruction of such privileged or otherwise protected documents, data, and/or information as provided in the subparagraphs above will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered, or destroyed documents, data, and/or information on grounds the documents, data, and/or information are not in fact subject to a viable claim of privilege or other protection;

e. To the extent that the information contained in documents, data, and/or information has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party, then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the protected document before being notified of its inadvertent production, it must take reasonable steps to retrieve it;

f. Upon a determination by the Court that the documents, data, or information are protected by the applicable privilege or evidentiary protection, and if the documents, data, or information have been sequestered rather than returned or destroyed by the receiving party, the documents, data, or information shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the receiving party of documents, data, or information by search terms or other means; and

g. Nothing contained herein is intended to, or shall serve to limit, a producing party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the receiving party.

20. In the event a party that has designated information CONFIDENTIAL or ATTORNEYS' EYES ONLY wishes to remove such designation, they may do so unilaterally at any time.

21. Nothing in this Protective Order shall preclude any party or nonparty from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or regarding the manner in which information marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be treated at trial.

22. Pursuant to D.C.COLO.MJ V(5), the termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to this Protective Order. However, the Court will not retain jurisdiction over CONFIDENTIAL or ATTORNEYS' EYES ONLY information in this matter once the case is closed.

23. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED this 21st day of June 2024.

BY THE COURT:

U.S. Magistrate Judge Kathryn A. Starnella