**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, by and through its personal representatives Belynn Guerrero and Terry Martin;
BELYNN GUERRERO, individually; and
TERRY MARTIN, individually,

    Plaintiffs,

v.

ADAMS COUNTY, COLORADO;
ADAMS COUNTY SHERIFF GENE CLAPS, in his official capacity;
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS;
WELLPATH, LLC, as a nominal defendant;
MATTHEW J. DUNDON, TRUSTEE OF WELLPATH HOLDINGS, INC. LIQUIDATING TRUST, as a nominal defendant;
H.I.G. CAPITAL, LLC;
LPN JAMIE LALICKER, in her individual capacity;
LPN SCARLETT MCCURRY, in her individual capacity;
RN KARIE MITCHELL, in her individual capacity;
RN SONYA BARRERA, in her individual capacity
RN AMANDA BECKWITH, in her individual capacity;
LPN ANDREA PASILLAS, in her individual capacity;
MHP MARYANN MARTHA MAGLEY-HERMAN, in her individual capacity;
LPN JANICE MARSHALL, in her individual capacity;
LPN SARA POST, in her individual capacity;
RN AIMEE OLSON, in her individual capacity;
RN ASHLEY SNYDER, in her individual capacity;
LPN JESSICA HAAKESON, in her individual capacity;
DEPUTY CRYSTAL LAW, in her individual capacity;
DEPUTY KAYLA HAMPEL, in her individual capacity;
DEPUTY ALAN BARRY, in his individual capacity;
DEPUTY SCOTT FANSELOW, in his individual capacity;
DEPUTY ANDREW VASSALLO, in his individual capacity; DEPUTY LEE PATTON, in his individual capacity;
DEPUTY BRANDON SKALAK, in his individual capacity; and DEPUTY YVON BENOIT, in her individual capacity;

    Defendants.

1

**AMANDA BECKWITH'S PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Amanda Beckwith ("Beckwith"), through counsel, respectfully moves this Court to partially dismiss Plaintiffs' Amended Complaint and Jury Demand [ECF 159] pursuant to Fed. R. Civ. P. 12(b)(6) and as grounds therefor states as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to Civ Practice Standard 7.1B, prior counsel certified that they conferred with Plaintiffs' counsel regarding Ms. Beckwith's original Motion to Dismiss the Complaint [ECF 36]. Plaintiffs informed prior counsel that they have alleged sufficient facts to support their claim for relief against Ms. Beckwith.

**CERTIFICATE OF NON-USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Undersigned and drafting counsel certifies that no part of this Motion was drafted or otherwise prepared using generative artificial intelligence. *See* Sec. C.2. of Standing Order Cases of Hon. S. Kato Crews.

**INTRODUCTION**

Plaintiffs' claims arise from the death of Carl Martin ("Martin") while detained in the Adams County Detention Facility ("ACDF") on April 5, 2022. Mr. Martin was initially arrested on March 30, 2022, by the Thornton Police Department and was brought to the ACDF. At his intake screening, Mr. Martin was placed on Clinical Institute Withdrawal Assessment (CIWA) protocols for alcohol withdrawal.

2

Plaintiffs allege that during the five days Mr. Martin was detained at the ACDF, Ms. Beckwith interacted with him twice: once on April 1, and once on April 3. Plaintiffs allege that on the Afternoon of April 1 Ms. Beckwith performed a CIWA evaluation on Mr. Martin and provided him with his prescribed dose of diazepam. [ECF 159, ¶ 133]. Plaintiffs' Amended Complaint now alleges that Ms. Beckwith's observations must be wrong because it contradicts a lay person's report and video from the "same day." [ECF 159, ¶ 133]. Plaintiffs do not allege that the video and lay person's report was from the same moment in time that Ms. Beckwith evaluated Mr. Martin. Plaintiffs allege that on April 3 at approximately 11:40 p.m., Ms. Beckwith performed a suicide watch on Mr. Martin and determined that continued observation of Mr. Martin was necessary based on her evaluation of his condition at that time. [ECF 159, ¶ 182-3].

Plaintiffs allege that the evaluation of Mr. Martin on April 3 was insufficient. Specifically, Plaintiffs allege that Ms. Beckwith could not have adequately evaluated Mr. Martin's condition on April 3 without entering his cell, that Ms. Beckwith "likely…, at most,… based her evaluations solely on the deputy's observations from that day of Mr. Martin, and that she did not perform her own assessment." [ECF 159, ¶ 184].

Plaintiffs advance two claims for relief against Ms. Beckwith, one for deliberate indifference under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, and the second under Colorado State law governing negligence causing wrongful death (C.R.S. §§ 13-21-201 *et seq*.). Ms. Beckwith seeks the dismissal of Plaintiffs' claim of deliberate indifference, which is premised on the interaction she had with Mr. Martin on April 3, 2022, wherein Plaintiffs allege that Ms. Beckwith's evaluation of Mr. Martin and the care she recommended based on that evaluation constitutes deliberate indifference.

**LEGAL STANDARD**

A. **Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that that the pleader is entitled to relief," as required by the Federal Rule of Civil Procedure 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

B. **Deliberate Indifference**

Prisoners may recover under 42 U.S.C. § 1983 for deliberate indifference to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To establish a deliberate indifference claim, a plaintiff must prove that: (1) he suffered objectively serious medical needs and (2) the prison officials actually knew of but deliberately disregarded those needs. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). The "deliberate indifference" standard is very high and not easily met; deliberate indifference requires actions that are "wanton" and "repugnant to

4

the conscience of mankind." *Estelle*, at 105-06. In order to make out a deliberate indifference claim, the Plaintiffs must satisfy both the objective and subjective components of the claim. *Callahan v. Poppell*, 471 F.3d 1166, 1169 (10th Cir. 2006).

The objective component requires that the deprivation be "sufficiently serious" to be of a constitutional dimension. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

The subjective prong of the deliberate indifference test requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikamura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2008) (citations omitted). To prove the subjective component, the plaintiff must establish the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Oxendine*, 241 F.3d at 1277. The subjective component is similar to "recklessness in the criminal law," where, to act recklessly, a "person must 'consciously disregard' a substantial risk of serious harm." *Id*. Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith," that characterize the conduct prohibited by the Curel and Unusual Punishment Clause. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

The subjective component thus "presents a high evidentiary hurdle to… [§ 1983] plaintiffs: a prison official must know about and disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

A medical provider's negligent failure to provide adequate medical care does not constitute the unnecessary and wanton infliction of pain and therefore does not give rise to a constitutional violation. *Self*, 439 F.3d at 1230 ("'[I]nadvertent failure to provide adequate medical care' is not enough, nor does 'a complaint that a physician has been negligent in diagnosing or treating a medical condition…state a valid claim of medical mistreatment under the Eighth Amendment.'")(quoting *Estelle*, at 105, 106).

## ARGUMENT

The claim for relief under § 1983, which is the subject of this Motion, should be dismissed because the factual allegations do not demonstrate a constitutional violation entitling Plaintiffs to relief. The only section of Plaintiff's Amended Complaint presenting factual allegations is the "Facts of Contention" section. The argumentative and conclusory allegations in the Complaint's "Introduction" should be ignored. *Iqbal*, 555 U.S. 678-679.

**A. Plaintiffs' Amended Complaint fails to demonstrate a constitutional violation caused by Ms. Beckwith's deliberate indifference.**

Plaintiffs cannot recover against Ms. Beckwith under § 1983 unless they can demonstrate that Ms. Beckwith violated Mr. Martin's constitutional rights. As noted above, to demonstrate a constitutional violation for deliberate indifference, Plaintiffs must show that Ms. Beckwith consciously disregarded (the subjective element) a serious medical need (the objective element). For purposes of this Motion, Ms. Beckwith assumes that death is a sufficiently serious medical risk which satisfies the objective prong of the test.

However, Plaintiffs do not adequately plead, and cannot meet, the subjective prong of the test. The Amended Complaint must allege that Ms. Beckwith knew Mr. Martin faces a substantial risk of harm and that she consciously disregarded that risk by failing to take reasonable measures

6

to abate it. *Callahan*, 471 F.3d at 1159 (quotations omitted). At most, Plaintiffs have alleged that Ms. Beckwith made an error in her evaluation of Mr. Martin. *Whitley*, 475 U.S. at 319.

When Ms. Beckwith checked on Mr. Martin at 11:40 pm on April 3, he had allegedly refused his detox medication only once since he was placed on CIWA protocols on March 30. [ECF 159, ¶ 160-1, and generally]. Plaintiffs note that the records are contradictory as to whether Mr. Martin received or refused his medications. *Id* at ¶ 161. Plaintiffs allege that Ms. Beckwith indicated on her suicide watch report that Mr. Martin had refused meals/liquids and was "not orientated to person, place, and time; not easily engaged; not neat; not making eye contact; not future oriented; confused; little to no eye contact; odd/bizarre; unkempt/malodorous; nonsensical/disorganized; expressing concern about his ability to cope; and expressing thoughts/plans for suicide." *Id*. at ¶ 182. Plaintiffs also allege that Ms. Beckwith inadequately performed her evaluation of Mr. Martin or failed to perform the evaluation at all. *Id*. at ¶ 184. Plaintiffs do not allege whether Mr. Martin was awake at 11:40 p.m. when Ms. Beckwith performed her evaluation.

Based on her evaluation of Mr. Martin and her review of his medical records, as alleged by Plaintiffs, Ms. Beckwith determined that the continued monitoring of Mr. Martin was appropriate. As noted above, Mr. Martin may have refused his medications once since he was placed on CIWA protocols, though this was unclear from his records, Ms. Beckwith observed him late at night when he was likely asleep and providers are not readily available, and it was not clear how often Mr. Martin had been refusing food and drink. Based on this information and the circumstances, Ms. Beckwith made the good faith care decision to continue to monitor Mr. Martin, i.e., to check on him the next day and see how he was doing and to monitor his behavior.

7

A decision to continue monitoring a detainee whose records are inconsistent and who has only recently demonstrated a potential change in behavior does not constitute "obduracy and wantonness," but an error in good faith. *Whitley*, 475 U.S. at 319. Thus, the facts alleged against Ms. Beckwith in the Amended Complaint are not sufficient to raise a claim for relief under § 1983, and as such this claim for relief must be dismissed. Fed. R. Civ. P. 12; *see also Robbins*, 519 F.3d at 1247; *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679.

## CONCLUSION

Plaintiffs' Amended Complaint fails to allege sufficient facts against Ms. Beckwith to support their claim for relief against her under § 1983. Their Amended Complaint fails to show that their claim is facially plausible or that they are entitled to relief. Accordingly, Plaintiffs' Amended Complaint against Ms. Beckwith must be partially dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant Amanda Beckwith respectfully asks the Court to dismiss Plaintiffs' Amended Complaint as it pertains to the claim against Ms. Beckwith for deliberate indifference under § 1983.

Respectfully submitted this 4th day of August 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

 /s/  Christopher R. Jones
Christopher R. Jones, #41488
Elizabeth B. McGowan, NC Bar No. 61001
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
crjones@grsm.com
emcgowan@grsm.com
Attorneys for Amanda Beckwith, RN

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of August 2025, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                         */s/ Karla Freeman*