**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, by and through its personal representatives Belynn Guerrero and Terry Martin;
BELYNN GUERRERO, individually; and
TERRY MARTIN, individually,

Plaintiffs,

v.

ADAMS COUNTY, COLORADO;
ADAMS COUNTY SHERIFF GENE CLAPS, in his official capacity;
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS;
WELLPATH, LLC;
H.I.G. CAPITAL, LLC;
LPN JAMIE LALICKER, in her individual capacity;
LPN SCARLETT MCCURRY, in her individual capacity;
RN KARIE MITCHELL, in her individual capacity;
RN SONYA BARRERA, in her individual capacity
RN AMANDA BECKWITH, in her individual capacity;
LPN ANDREA PASILLAS, in her individual capacity;
MHP MARYANN MARTHA MAGLEY-HERMAN, in her individual capacity;
LPN JANICE MARSHALL, in her individual capacity;
LPN SARA POST, in her individual capacity;
RN AIMEE OLSON, in her individual capacity;
RN ASHLEY SNYDER, in her individual capacity;
LPN JESSICA HAAKESON, in her individual capacity;
DEPUTY CRYSTAL LAW, in her individual capacity;
DEPUTY KAYLA HAMPEL, in her individual capacity;
DEPUTY ALAN BARRY, in his individual capacity;
DEPUTY SCOTT FANSELOW, in his individual capacity;
DEPUTY ANDREW VASSALLO, in his individual capacity; DEPUTY LEE PATTON, in his individual capacity;
DEPUTY BRANDON SKALAK, in his individual capacity; and DEPUTY YVON BENOIT, in her individual capacity;

Defendants.

**DEFENDANT KARRIE MITCHELL RN'S ANSWER TO AMENDED COMPLAINT AND JURY DEMAND**

Defendant, Karrie Mitchell, RN, by and through her counsel, Katherine K. Otto, Esq. (No.39328) of the law firm Recht Kornfeld, PC, hereby submits her Answer, Jury Demand, and Affirmative Defenses to Plaintiff's Amended Complaint and Jury Demand ("Complaint") as follows:

**INTRODUCTION**

1. Defendant Mitchell has no independent recollection of this patient, nor does she have access to Mr. Martin's treatment records from his time at ACDF. Accordingly, she is without knowledge to admit or deny the allegations of Paragraph 1. To the extent this paragraph requires a response, denied.

2. Defendant Mitchell has no independent recollection of this patient, nor does she have access to Mr. Martin's treatment records from his time at ACDF. Accordingly, she is without knowledge to admit or deny the allegations of Paragraph 2. To the extent this paragraph requires a response, denied.

3. Denied.

4. Defendant Mitchell has no independent recollection of this patient, nor does she have access to Mr. Martin's treatment records from his time at ACDF. Accordingly, she is without knowledge to admit or deny the allegations of Paragraph 2. To the extent this paragraph requires a response, denied.

5. To the extent this allegation is directed at Defendant Mitchell, denied.

6. Defendant Mitchell has no independent recollection of this patient, nor does she have access to Mr. Martin's treatment records from his time at ACDF.

Accordingly, she is without knowledge to admit or deny the allegations of Paragraph 6. to the extent this paragraph requires a response, denied.

7. To the extent this allegation is directed at Defendant Mitchell, denied.

8. Denied.

## RESPONSE TO JURISDICTION AND VENUE

9. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant Mitchell admits that this court has jurisdiction over this matter. The remaining allegations are denied.

10. Admitted, upon information and belief.

## RESPONSE TO PARTIES

**Plaintiffs**

11. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

12. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

13. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

**Defendants**

14. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

15. There are no allegations in this Paragraph.

16. The allegations of this paragraph are directed at a party other than Defendant Mitchell, therefore no response is required.

17. The allegations of this paragraph are directed at a party other than Defendant Mitchell, therefore no response is required.

18. The allegations of this paragraph are directed at a party other than Defendant Mitchell, therefore no response is required. To the extent this paragraph alleges that Defendant Mitchell was deliberately indifferent, denied.

19– 39. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs. In addition, the allegations of these paragraphs are not directed at Defendant Mitchell. To the extent a response is required, denied.

40. The allegations of this paragraph are directed at a party other than Defendant Mitchell, and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

41. The allegations of this paragraph are directed at a party other than Defendant Mitchell, and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

42. Admitted that Defendant Mitchell was a citizen of the United States and a resident of and domiciled in Colorado at all times relevant to this litigation, and that

her care of Mr. Martin was within the scope of her duties as a Registered Nurse at ACDF. As to whether Defendant Mitchell was acting "under color of state law," that is a legal conclusion and does not require a response. The remaining allegations are denied.

43– 60. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs. In addition, the allegations of these paragraphs are not directed at Defendant Mitchell.

61– 62. The allegations of these paragraphs are not factual in nature, therefore no response is required.

## RESPONSE TO FACTUAL ALLEGATIONS

63-87. Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs. In addition, the allegations of these paragraphs are not directed at Defendant Mitchell. To the extent a response is required, denied.

63-88. Admitted that under certain circumstances, alcohol withdrawal can be fatal. Any remaining allegations are denied.

89-92. Defendant Mitchell objects to the allegations of these paragraphs as containing expert opinions, to which no response is required. To the extent a response is required, denied.

93. Admitted that Defendant Mitchell was a trained nurse and knew the symptoms of alcohol withdrawal consistent with her training as a nurse. Defendant Mitchell is

without knowledge or information to admit or deny what training she received at ACDF, therefore, denied.

94. To the extent this allegation is directed at Defendant Mitchell, denied.

95. Admitted that records were created regarding Mr. Martin's medical care at the ACDF, which are the best evidence of their own content. Defendant Mitchell does not have access to those records at the time of this Answer and does not independently recall Mr. Martin, so she is without knowledge or information to admit or deny the remaining allegations with respect to what the records contain. Denied that Defendant Mitchell was deliberately indifferent at any point in time.

96. Denied.

97. To the extent this allegation is directed at Defendant Mitchell, she is without knowledge or information to admit or deny this allegation.

98. Denied.

99. Denied.

100. The allegations of Paragraph 100 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 100 and therefore deny them at this time.

101. Admitted that records were created regarding Mr. Martin's medical care at the ACDF, which are the best evidence of their own content. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 101 without access to the records.

102. The allegations of Paragraph 102 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 102 without access to the records and video recordings.

103. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 103 without access to the records and video recordings.

104-116. The allegations of these paragraphs are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of these paragraphs without access to the records and video recordings.

117. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of these paragraphs without access to the records and video recordings.

118. Defendant Mitchell denies that she fabricated any care records for Mr. Martin. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations of these paragraphs without access to the records and video recordings.

119-124. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of these paragraphs without access to the records and video recordings.

125. Defendant Mitchell denies that she fabricated any care records for Mr. Martin.

Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations of these paragraphs without access to the records and video recordings.

126. Defendant Mitchell denies that she fabricated any care records for Mr. Martin. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations of these paragraphs without access to the records and video recordings.

126-133. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations of these paragraphs without access to the records and video recordings.

134. The allegations of Paragraph 134 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

135. The allegations of Paragraph 135 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

136. The allegations of Paragraph 136 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

137. Denied that Defendant Mitchell fabricated or intentionally omitted material information from her recordkeeping regarding her care of Mr. Martin. As to the remaining allegations, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

138. The allegations of Paragraph 138 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

139. The allegations of Paragraph 139 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

140-145. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

146. To the extent it is alleged that Defendant Mitchell fabricated care records, denied. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations without access to the records and video recordings.

147-150. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

151. To the extent it is alleged that Defendant Mitchell fabricated care records, or

deliberately chose to omit material information from the records, denied. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations without access to the records and video recordings.

152–167. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

168–171. To the extent it is alleged that Defendant Mitchell fabricated care records, or deliberately chose to omit material information from the records, denied. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations without access to the records and video recordings.

172–184. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

185–219. The allegations in these paragraphs are not directed at Defendant Mitchell, thus no response is necessary. In addition, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations without access to the records and video recordings.

220-227. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations in these paragraphs.

228. To the extent the allegations in Paragraph 228 are directed at Defendant Mitchell, denied.

229. To the extent the allegations in Paragraph 229 are directed at Defendant Mitchell, denied.

230. To the extent the allegations in Paragraph 230 are directed at Defendant Mitchell, denied.

231. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

232. The allegations in this paragraphs are not directed at Defendant Mitchell, thus no response is necessary. In addition, Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 232.

233. To the extent this paragraph is directed at Defendant Mitchell, denied.

234. Admitted that Defendant Mitchell was not disciplined with respect to her care of Mr. Martin. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 234.

235. Admitted that Defendant Mitchell was not disciplined with respect to her care of Mr. Martin. To the extent it is alleged that Defendant Mitchell engaged in "unconstitutional delay and indifference" in emergency medical treatment, denied. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 235.

236. Defendant Mitchell lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

237-247. The allegations of these paragraphs are not directed at Defendant Mitchell, therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the

allegations contained in these paragraphs.

248. Denied that Defendant Mitchell violated any of Mr. Martin's constitutional rights or acted in an "unconstitutional manner." Defendant Mitchell is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 248 of the Complaint and, therefore, denies the same.

249-319. The allegations of these paragraphs are not directed at Defendant Mitchell, and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs, and, therefore, denies the same.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### 14th Amendment – Failure to Provide Adequate Medical Care and Treatment
### (By the Estate of Carl Martin Against All Defendants)

320. Defendant Mitchell incorporates her prior responses to Paragraphs 1-319 above.

321. Denied.

322. Denied.

323. Defendant Mitchell admits that Mr. Martin was a pretrial detainee and had rights under the Fourteenth Amendment. Except as expressly admitted, denied.

324. Defendant Mitchell admits that Mr. Martin had rights under the Fourteenth Amendment. Except as expressly admitted, denied.

325. Defendant Mitchell admits that Mr. Martin had rights under the Fourteenth Amendment. Except as expressly admitted, denied.

326. Denied.

327. Denied.

328. Denied.

329. Denied.

330. Denied.

331. Denied.

332. Denied.

333. Denied.

334. Denied.

335. Denied.

336. The allegations of Paragraph 336 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 336 of the Complaint and, therefore, denies the same.

337. The allegations of Paragraph 337 are not directed at the Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 337 of the Complaint and, therefore, denies the same.

338. The allegations of Paragraph 338 are not directed at Defendant Mitchell, and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 338 of the Complaint and, therefore, denies the same.

339. The allegations of Paragraph 339 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 339 of the Complaint and, therefore, denies the same.

340. The allegations of Paragraph 340 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 340 of the Complaint and, therefore, denies the same.

341. The allegations of Paragraph 341 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 341 of the Complaint and, therefore, denies the same.

342. The allegations of Paragraph 342 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant

Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 342 of the Complaint and, therefore, denies the same.

343. The allegations of Paragraph 343 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 343 of the Complaint and, therefore, denies the same.

344. The allegations of Paragraph 344 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 344 of the Complaint and, therefore, denies the same.

345. The allegations of Paragraph 345 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 345 of the Complaint and, therefore, denies the same.

346. The allegations of Paragraph 346 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 346 of the Complaint and, therefore, denies the

same.

347. Denied.

348. Denied.

349. Denied.

350. Denied.

**SECOND CLAIM FOR RELIEF**
**Negligence Causing Wrongful Death**
**Colo. Rev. Stat. §§ 13-21-201 *et seq.***
**(By Belynn Guerrero and Terry Martin, individually, against all Defendants)**

351. Defendant Mitchell incorporates its prior responses to Paragraphs 1-350 above.

352. The allegations of Paragraph 352 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 352 of the Complaint and, therefore, denies the same.

353. Denied.

354. The allegations of Paragraph 354 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 354 of the Complaint and, therefore, denies the same.

355. Defendant Mitchell admits that Mr. Martin was in the custody of ACDF. Except as expressly admitted, denied.

356. Defendant Mitchell admits that she had a duty to provide Mr. Martin with nursing care. Except as expressly admitted, denied.

357. Defendant Mitchell admits that she had a provider-patient relationship with Mr. Martin and that she was acting in the course and scope of her employment. Except as expressly admitted, denied.

358. Defendant Mitchell admits that she had a duty to treat Mr. Martin with the care, skill, caution, diligence, and foresight of nursing personnel in similar situations. Except as expressly admitted, denied.

359. The allegations of Paragraph 359 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 359 of the Complaint and, therefore, denies the same.

360. Paragraph 360 of the Complaint states a conclusion of law, not an allegation of fact, and, therefore, no response is necessary. To the extent a response is necessary, Defendant Mitchell denies the allegations contained in Paragraph 360 to the extent they are inconsistent with Colorado law and denies the allegations to extent they impose liability on Defendant Mitchell for Mr. Martin's death.

361. Denied.

362. Denied.

363. The allegations of Paragraph 363 are not directed at Defendant Mitchell and

therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 363 of the Complaint and, therefore, denies the same.

364. The allegations of Paragraph 364 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 364 of the Complaint and, therefore, denies the same.

365. The allegations of Paragraph 365 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 365 of the Complaint and, therefore, denies the same.

366. The allegations of Paragraph 366 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 366 of the Complaint and, therefore, denies the same.

367. The allegations of Paragraph 367 are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 367 of the Complaint and, therefore, denies the same.

368. Denied.

369. Denied.

370. Denied.

371. Denied.

372. Denied.

373. Denied.

374. Denied.

**THIRD CLAIM FOR RELIEF**
**C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 20 and Colo. Const. Art. II, Section 25 Inadequate Medical and Mental Health Care and Treatment**
**(By Estate and Carl Martin Against Defendants Law, Hampel, Barry, Fanselow, Patton, Skalak, Benoit, and Vassallo)**

375. Defendant Mitchell incorporates her prior responses to Paragraphs 1-374.

376-388 The allegations of these paragraphs are not directed at Defendant Mitchell and therefore no response is required. To the extent a response is required, Defendant Mitchell is without sufficient knowledge or information to admit or deny the allegations contained in these paragraphs and, therefore, denies the same.

**DEFENDANT MITCHELL' S DEFENSES**

1. Plaintiffs' alleged injuries and damages, if any, may have been caused by the negligence of decedent Carl Martin in an amount sufficient to preclude or limit any recovery of damages under the law of comparative negligence and/or contributory negligence under C.R.S. § 13-21-111.

2. To the extent that a third party has paid or is obligated to pay any of Plaintiffs' claimed damages pursuant to the provision of any contract under which a third party is subrogated to the extent of the amounts paid, Plaintiffs may be precluded from recovering those amounts as damages against this Defendant.

3. Plaintiffs may have failed to mitigate their damages, if any.

4. The damages allegedly sustained by Plaintiffs may have been caused by the acts of a third person or persons for whose actions this Defendant is not responsible.

5. Defendants are not liable for any amount greater than that represented by the degree or percentage of any negligence or fault attributable to it in producing Plaintiffs' claimed damages, if any. A determination of the percentage of any negligence or fault attributable to Defendants, Plaintiffs, and any nonparties designated by Defendants must be made by the trier of fact, in accordance with C.R.S. § 13-21-111.5.

6. The damages allegedly sustained by Plaintiffs may have been the result of a supervening and/or intervening cause for which these Defendants are not responsible.

7. Any damages allegedly sustained by Plaintiffs are subject to limitations provided by C.R.S. § 13-21-102.5, as amended, providing for limitations on damages or non-economic loss or injury.

8. Any damages allegedly sustained by Plaintiffs are subject to the requirements of C.R.S. § 13-21-111.6, as amended, providing for limitations on damages for non-economic loss or injury.

9. Plaintiffs' damages, if any, may be barred or reduced as a result of Plaintiffs' pre-existing conditions and/or subsequent injuries.

10. Defendants reserve the right to assert additional defenses as discovery progresses.

11. Plaintiffs have failed to state any valid Constitutional claim upon which relief can be granted in that alleged negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

12. Defendant Mitchell is not liable to Plaintiffs, in whole or in part, because the losses or harm that the Plaintiffs have allegedly suffered was not caused by any act or omission of Defendant Mitchell.

13. Plaintiffs have not suffered any damages or harm whatsoever by reason of the conduct alleged against Defendant Mitchell, and, by reason of the foregoing, Plaintiffs lack standing and are otherwise barred from any relief against Defendant Mitchell and barred from prosecuting this action.

14. Defendant Mitchell at all times acted in good faith and with reasonable grounds for believing that she had not violated federal or Colorado law.

15. Defendant Mitchell did not deprive Plaintiffs of any rights, privileges or immunities guaranteed by the Constitution, the laws of the United States and the laws of Colorado.

16. The Amended Complaint does not state a claim for deliberate indifference to a serious medical or mental health need because a difference in opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference, and Plaintiffs cannot show that the course of treatment chosen was medically unacceptable under the circumstances.

17. While denying that Plaintiffs have any constitutional claim or right as alleged or at all, and further denying that any act of failure to act as alleged or otherwise in contravention of Mr. Martin's civil rights occurred, Defendant Mitchell asserts that all actions or decisions not to act by Defendant Mitchell were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of Plaintiffs. If in fact Plaintiffs' rights were violated, which Defendant Mitchell denies, such acts or decisions not to act were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, she is immune from claims that she violated Plaintiff's alleged civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly

established statutory or constitutional right of which a reasonable person should have known.

18. The Complaint fails to state facts sufficient to constitute a cause of action against Defendant Mitchell.

19. Defendant Mitchell acted in good faith, without malice and within her scope of the duties.

20. Defendant Mitchell alleges that the injuries and damages of which Plaintiffs complain, if any, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring Plaintiffs from recovery against Defendant Mitchell.

21. Plaintiffs' recovery, if any, is limited by the provisions of C.R.S. § 13-21-203, and applicable case law interpreting the same.

22. Plaintiffs recovery, if any, is limited by the provisions of C.R.S. § 13-21-203.5, and applicable case law interpreting the same.

23. Defendant Mitchell reserve the right to assert applicable substantive and procedural provisions of Colorado's Uniform Contribution Among Tortfeasors Act, codified at §§ 13-50.5-102.

24. Defendant Mitchell asserts any and all protected, limitations, and rights afforded to h under Colorado's Health Care Availability Act, codified at C.R.S. §§ 13-64-101, *et seq.*

25. Defendant Mitchell presently has insufficient knowledge or information on which to form a belief as to whether they may have additional as yet unstated defenses available. Defendant Mitchell reserves the right to assert additional defense in the event discovery indicates that they would be appropriate.

**DEFENDANT MITCHELL REQUESTS TRIAL TO A JURY OF ALL CLAIMS SO TRIABLE**

WHEREFORE, Defendant Mitchell, having fully answered the allegations in Plaintiffs' Complaint, respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, enter judgment in the Defendant Mitchell's favor, award Defendant Mitchell costs, fees, and interest, as allowed by Colorado law, and for all such other and further relief as the Court deems proper.

Respectfully submitted this 21st day of August, 2025.

**RECHT KORNFELD PC**

*s/ Katherine Otto*

Katherine Otto
RECHT KORNFELD PC
1600 Stout Street, Suite 1400
Denver, Colorado 80202
Phone: (303) 573-1900
Katherine@rklawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2025 filed the foregoing **Defendant Karrie Mitchell RN's Answer to Amended Complaint and Jury Demand** electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Lauren Deveraux*