AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Estate of Carl Martin, et al. *Plaintiff* v. Adams County, et al. *Defendant* | ) ) ) ) Civil Action No. 24-cv-00855-SKC-KAS ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Joshua Schumacher, Associate General Counsel Risk Mgmt and Litigation, Wellpath, LLC
c/o Cogency Global, Inc., 600 17th St., Suite 1450S, Denver, CO 80202 (Registered Agent)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   SEE ATTACHMENT

| Place: Killmer Lane, LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202 | Date and Time:<br><br>11/07/2025 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2025

*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Estate of Carl Martin, Belynn Guererro, and Terry Martin , who issues or requests this subpoena, are:
Darold Killmer, 1543 Champa St, Ste 400, Denver, CO 80202, 303-571-1000, dkillmer@killmerlane.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-00855-SKC-KAS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc.:

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit A

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### Definitions:

"Individual Medical Defendants" as used herein, refers to Defendants Amanda Beckwith, Maryann Martha Magley-Herman, Ashley Snyder, Jamie Lalicker, Scarlett McCurry, Sonya Barrera, Andrea Pasillas, Janice Marshall, Sara Post, Aimee Olson, Jessica Haakeson, and Karrie Mitchell.

"Wellpath" as used herein refers to the nominal Defendant Wellpath, LLC; Wellpath SF HoldCo, LLC; Wellpath Holdings Inc.; the entity referred to as the "Post-Restructuring Debtor" in bankruptcy proceedings; and the entity referred to as "Reorganized Wellpath" in the bankruptcy confirmation plan.

"ACDF" as used herein refers to Adams County Detention Facility.

1.  All documents related to any internal or external investigation that was conducted (whether formal or informal and whether pending or concluded) by any individual or entity related to the detention and/or death of Carl Martin. Your response should include, but not necessarily be limited to, documents related to investigations conducted by the Wellpath, H.I.G. (if in the possession of Wellpath), and any insurance company for Wellpath, including any reports, summaries, emails, recordings, statements, transcripts, interviews, notes, findings, conclusions, disciplinary actions, and other documents gathered or created in any such investigation.

1

Exhibit A

2. All documents contained in personnel or personnel-type files (a cover-to-cover copy), including but not limited to personnel files, training files, and applicant files for the Individual Medical Defendants, including applications for employment; resumes and cover letters; interview notes; offer letters; contracts; performance evaluations; reviews; memos regarding bonuses and/or raises; reprimands and/or oral or written warnings or discipline; personnel memos; correspondence; resignation or termination letters; and all other documents contained in each such individual's personnel file. Plaintiffs are willing to stipulate that such documents may be subject to the Protective Order in this action.

3. All documents and tangible items related to any disciplinary, regulatory, or adverse personnel actions, whether formal or informal, taken against any of the Individual Medical Defendants at any time between January 1, 2012, and the present, including notes, reports, transcripts, correspondence, electronic recordings, and any other documents prepared prior to, during or following disciplinary, regulatory, or personnel investigations or proceedings.

4. All of Wellpath's policies, procedures, protocols with respect to providing medical services at ACDF, from the beginning of Wellpath's 2019 contract to provide services at ACDF through the present.

5. All of Wellpath's training materials (whether formal or informal) with respect to providing medical services at ACDF, from the beginning of Wellpath's contract to provide services at ACDF through the present.

Exhibit A

6.  All documents related to any claims or complaints[1] (whether formal or informal) made against You or any of your current or former employees, agents, or independent contractors of mistreatment or failure to provide medical care at ACDF or related to any investigations or reviews into the provision of medical care to specific detainees at ACDF, including any reports, summaries, emails, recordings, statements, transcripts, interviews, notes, findings, conclusions, disciplinary actions, and other documents gathered or created related to each claim.

7.  Any insurance agreement or other agreement under which an insurance business or other entity or person may be liable or may choose to satisfy all or a part of a possible judgment or settlement in this action or to indemnify or reimburse Adams County, Wellpath, or any of Wellpath's agents, including but not limited to Individual Medical Defendants, for payments made to satisfy the judgment or settlement.

8.  All training records for the Individual Medical Defendants, from the date they began working for Wellpath to the present, regarding monitoring and regulating food and water intake by inmates, including, but not limited to, protocols for identifying and responding to a "hunger strike," protocols for when deputies should contact medical about an inmate's food or water intake or lack thereof, and special protocols for monitoring food and water intake by inmates under suicide

---

[1] For purposes of this Request, a "claim" shall include but not be limited to informal or formal complaints (whether verbal or written), complaints or claims filed with or by the Colorado State Board of Nursing or any other state board of nursing licensure, notice pursuant to C.R.S. § 24-10-109, demands, grievances, complaints made to Wellpath or Adams County, and/or the filing of any lawsuit.

3

observation or going through alcohol withdrawal, and protocols for when use of an IV for hydration is required and/or appropriate and procedures for placing and monitoring an IV.

9. All documents (including all emails and communications of any kind) of any internal or external reviews, analysis, audits, assessments of health or medical care provided by Wellpath to detainees at ACDF or otherwise relating to the quality of inmate medical care at ACDF, from the beginning of Wellpath's 2019 contract to provide services at ACDF and continuing through trial.

10. All documents summarizing facts, circumstances, and resulting actions related to every detainee/inmate death caused by or related to substance abuse withdrawal from January 1, 2016 to the present at any facility where Defendant contracts to provide medical services or involving an inmate that died at the hospital immediately after (within one month of) detention at such facility.

11. All records relating to any communications, written or oral, between Wellpath or Wellpath employees, agents, or representatives and H.I.G. Capital, LLC ("H.I.G.") or H.I.G. officials, employees, agents, or representatives regarding Adams County contracting with Wellpath to provide medical services at ACDF, including but not limited to entering into the initial contract and the renewal of the contract, analysis of the services provided by Wellpath, complaints or concerns of deficient provision of medical care, and continuation of the contract.

12. All documents summarizing facts, circumstances, and resulting actions related to disciplinary actions involving any Individual Medical Defendant,

4

throughout their employment or period of contracted services relating to alleged deficiencies in medical care and treatment provided, or involving any alleged denial, failure or refusal to provide to any inmates or prisoners at the ACDF with adequate medical treatment and/or other alleged failures in medical/health care of any ACDF inmate.

13. All inmate medical records relating to any detainee or inmate from 2019 to the present who died at ACDF or any ACDF inmate that died at the hospital immediately after (within one month of) release from ACDF, including but not limited to records from any internal or external investigations into the death. Plaintiffs are agreeable to the records being confidential under the Protective Order entered in this case and redaction of protected information (such as dates of birth and social security number) redactions at this point.

14. All documents relating to Wellpath policies and Wellpath employee/contractor training materials regarding the maintenance of jail records, including requirements for logging medical information, inmate movement, controlled substance distribution, receipt and consumption of meals, receipt and consumption of medication, alcohol withdrawal protocol checks and exams, and regular suicide monitoring. Please include policies and training regarding disciplinary actions that may be taken against ACDF employees and contractors for failure to properly maintain records, including falsification of records.

15. All documents summarizing facts, circumstances, and resulting actions related to any Wellpath employee/contractor accused of falsifying or failing to

Exhibit A

properly create or maintain records at any detention facility with which Wellpath contracts to provide medical services from January 1, 2016 to the present.

16.   All documents relating to NCCHC or any other accreditation reviews and accreditation findings and certificates of accreditation showing status and any limitations on such accreditation such as probation or any other reviews of the medical care provided at ACDF from January 1, 2019 to present. Be sure to include any studies, papers, discussions or reports, including relating in any way to accreditation, health care issues, or problems and/or deficiencies regarding health care to any inmates in ACDF. Be sure to include any communications, whether former or informal, regarding audits, informal reviews, any assessment or communications whatsoever that include Defendants and/or any accrediting or reviewing organizations. Be sure to include any documents relating to any audits, probationary periods, action plans, and the like.

Exhibit A