# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, by and through its personal representatives Belynn
Guerrero and Terry Martin;
BELYNN GUERRERO, individually; and
TERRY MARTIN, individually,

       Plaintiffs,

v.

ADAMS COUNTY, COLORADO;
ADAMS COUNTY SHERIFF GENE CLAPS, in his official capacity;
ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS;
WELLPATH, LLC;
H.I.G. CAPITAL, LLC;
LPN JAMIE LALICKER, in her individual capacity;
LPN SCARLETT MCCURRY, in her individual capacity;
RN KARIE MITCHELL, in her individual capacity;
RN SONYA BARRERA, in her individual capacity
RN AMANDA BECKWITH, in her individual capacity;
LPN ANDREA PASILLAS, in her individual capacity;
MHP MARYANN MARTHA MAGLEY-HERMAN, in her individual capacity;
LPN JANICE MARSHALL, in her individual capacity;
LPN SARA POST, in her individual capacity;
RN AIMEE OLSON, in her individual capacity;
RN ASHLEY SNYDER, in her individual capacity;
LPN JESSICA HAAKESON, in her individual capacity;
DEPUTY CRYSTAL LAW, in her individual capacity;
DEPUTY KAYLA HAMPEL, in her individual capacity;
DEPUTY ALAN BARRY, in his individual capacity;
DEPUTY SCOTT FANSELOW, in his individual capacity;
DEPUTY ANDREW VASSALLO, in his individual capacity; DEPUTY LEE
PATTON, in his individual capacity;
DEPUTY BRANDON SKALAK, in his individual capacity; and DEPUTY YVON
BENOIT, in her individual capacity;

       Defendants.

Exhibit B

**WELLPATH, LLC'S OBJECTIONS AND RESPONSES TO OCTOBER 21,
2025, SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS**

Wellpath, LLC ("Wellpath"), by and through its undersigned attorneys, hereby submit the following written responses and objections to Plaintiffs' Rule 45 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). .

## PRELIMINARY STATEMENT

1.      Wellpath's responses to Plaintiffs Requests for Production are made to the best of its present knowledge, information and belief.

2.      Wellpath reserves all objections or other questions as to confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

4.      The information set forth in these answers to the Requests for Production was obtained from Wellpath or in the alternative, was gathered by counsel for Wellpath on its behalf.

## GENERAL OBJECTIONS

Wellpath makes the following general objections, whether separately set forth:

1.      Wellpath objects generally to the extent that any of the Requests for seek information protected by the attorney-client privilege and/or attorney work product privilege. Such information shall not be provided in the responses to Plaintiffs' Requests for Production and any inadvertent disclosure thereof shall not be a waiver of any privilege with respect to such information or any attorney work product privilege which may attach thereto.

Exhibit B

2.      Wellpath objects generally to the extent that any of the Requests for Productions seek to require it to identify persons, entities, or events not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Wellpath than any obligation imposed by law, subject Wellpath to unreasonable and undue annoyance, oppression, burden and expense, and seek to impose upon Wellpath an obligation to investigate or discover information or material from third parties or sources which are equally accessible to the parties.

3.      Wellpath objects generally to Plaintiffs' use of prefatory definitions which seek information or documents protected by the attorney-client privilege and attorney work product privilege.

## WELLPATH'S OBJECTIONS AND RESPONSES TO THE RULE 45 SUBPOENA

1.      All documents related to any internal or external investigation that was conducted (whether formal or informal and whether pending or concluded) by any individual or entity related to the detention and/or death of Carl Martin. Your response should include, but not necessarily be limited to, documents related to investigations conducted by the Wellpath, H.I.G. (if in the possession of Wellpath), and any insurance company for Wellpath, including any reports, summaries, emails, recordings, statements, transcripts, interviews, notes, findings, conclusions, disciplinary actions, and other documents gathered or created in any such investigation.

**RESPONSE:**      Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Wellpath objects to this Request

to the extent it seeks documents protected under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"). Wellpath, as a health care provider, participates with a federally certified Patient Safety Organization ("PSO") as part of its patient safety activities, with the goal of improving patient outcomes by allowing healthcare providers to be candid without fear of retribution. Wellpath has maintained a relationship with the Center for Patient Safety since May 26, 2016. The Center for Patient Safety ("Center") was listed by the Agency for Healthcare Research and Quality (AHRQ) as a federally certified PSO on November 5, 2008. The Center has maintained its certification since 2008. Wellpath's PSO participation is governed by the PSQIA and its attendant regulations. In collaboration with the Center, Wellpath conducts patient safety activities as part of its patient safety and quality improvement initiatives. Specifically, one of the main activities includes the collection, maintenance, and analysis of confidential and privileged Patient Safety Work Product ("PSWP"). Wellpath risks incurring significant penalties for improperly disclosing PSWP. 42 CFR § 102.3. Moreover, PSWP is privileged and shall not be "subject to a federal, state, or local civil, criminal, or administrative proceeding against a provider." 42 U.S.C. § 299b-22(a)(1). The PSQIA has strong preemptive power, and PSWP may not be disclosed. *Id*. There are very limited disclosure permissions outlined in the PSQIA, but those do not apply to the facts and circumstances here.

Furthermore, Wellpath objects to this request as an attempt to sidestep the Court's order following a July 14, 2025, Scheduling Conference, during which time

the Court stayed this action, including all discovery, against HIG Capital LLC. Wellpath further objects to this Request to the extent it seeks information that is irrelevant to the claims asserted in this case, not proportional to the needs of the litigation, or seeks documents related to claims that have been released in the bankruptcy.

Subject to and without waiving the above objections, Wellpath produced Carl Martin's medical records previously in this action, bates labeled Wellpath 000001-000144, and Mr. Martin's Adams County Coroner Report, bates labeled Wellpath 000145-000154. Wellpath is in the process of collecting additional, non-privileged documents responsive to this request and will supplement its production accordingly.

2.     All documents contained in personnel or personnel-type files (a cover-to-cover copy), including but not limited to personnel files, training files, and applicant files for the Individual Medical Defendants, including applications for employment; resumes and cover letters; interview notes; offer letters; contracts; performance evaluations; reviews; memos regarding bonuses and/or raises; reprimands and/or oral or written warnings or discipline; personnel memos; correspondence; resignation or termination letters; and all other documents contained in each such individual's personnel file. Plaintiffs are willing to stipulate that such documents may be subject to the Protective Order in this action.

**RESPONSE:**     Wellpath objects to this Request to the extent it seeks confidential personnel records. Former employees of Wellpath have a legitimate expectation of privacy and confidentiality in their personnel files. In the absence of a waiver of such

rights by the employees who are the subject of the Request, Wellpath is not at liberty to produce the same. *See Martinelli v. District Court*, 612 P.2d 1033 (Colo. 1980) and *Corbetta v. Albertson's Inc.*, 975 P.2d 718 (Colo. 1999). *See also Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005).

3.    All documents and tangible items related to any disciplinary, regulator, or adverse personnel actions, whether formal or informal, taken against any of the Individual Medical Defendants at any time between January 1, 2012, and the present, including notes, reports, transcripts, correspondence, electronic recordings, and any other documents prepared prior to, during or following disciplinary, regulatory, or personnel investigations or proceedings.

**RESPONSE:**    Wellpath objects to this Request to the extent it seeks confidential personnel records. Former employees of Wellpath have a legitimate expectation of privacy and confidentiality in their personnel files. In the absence of a waiver of such rights by the employees who are the subject of the Request, Wellpath is not at liberty to produce the same. *See Martinelli v. District Court*, 612 P.2d 1033 (Colo. 1980) and *Corbetta v. Albertson's Inc.*, 975 P.2d 718 (Colo. 1999). *See also Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005).

4.    All of Wellpath's policies, procedures, protocols with respect to providing medical services at ACDF, from the beginning of Wellpath's 2019 contract to provide services at ACDF through the present.

**RESPONSE:**    Wellpath is in the process of collecting documents responsive to this request and will supplement its production accordingly.

Exhibit B

5.      All of Wellpath's training materials (whether formal or informal) with respect to providing medical services at ACDF, from the beginning of Wellpath's contract to provide services at ACDF through the present.

**RESPONSE:**      Wellpath objects to this Request as vague and over broad as to the phrase "all of Wellpath's training materials." Wellpath further objects to Subject to and without waiving the above objections, Wellpath agrees to produce the list of training courses completed by the Individual Medical Defendants. Wellpath is in the process of collecting documents responsive to this request and will supplement its production accordingly.

6.      All documents related to any claims or complaints (whether formal or informal) made against You or any of your current or former employees, agents, or independent contractors of mistreatment or failure to provide medical care at ACDF or related to any investigations or reviews into the provision of medical care to specific detainees at ACDF, including any reports, summaries, emails, recordings, statements, transcripts, interviews, notes, findings, conclusions, disciplinary actions, and other documents gathered or created related to each claim.

**RESPONSE:**      Wellpath objects to this Request as vague as to the phrase "claims or complaints." Additionally, Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Wellpath objects to this Request to the extent it seeks confidential personnel records. Former employees of Wellpath have a legitimate expectation of privacy and confidentiality in

Exhibit B

their personnel files. In the absence of a waiver of such rights by the employees who are the subject of the Request, Wellpath is not at liberty to produce the same. *See Martinelli v. District Court*, 612 P.2d 1033 (Colo. 1980) and *Corbetta v. Albertson's Inc.*, 975 P.2d 718 (Colo. 1999). *See also Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005).

7.     Any insurance agreement or other agreement under which an insurance business or other entity or person may be liable or may choose to satisfy all or a part of a possible judgment or settlement in this action or to indemnify or reimburse Adams County, Wellpath, or any of Wellpath's agents, including but not limited to Individual Medical Defendants, for payments made to satisfy the judgment or settlement.

**RESPONSE:**     Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Additionally, Wellpath objects to this Request because Wellpath is not required to indemnify its employees or the County subject to the bankruptcy discharge. Subject to and without waiving the above objections, Wellpath previously produced information regarding Texas Insurance Company Policy No. BUQSTRTTN011100 050001 02 (Policy Period 3/15/2022 to 3/15/2023), bates labeled Wellpath 000156-000228.

8.     All training records for the Individual Medical Defendants, from the date they began working for Wellpath to the present, regarding monitoring and regulating food and water intake by inmates, including, but not limited to, protocols for identifying and responding to a "hunger strike," protocols for when deputies should contact

Exhibit B

medical about an inmate's food or water intake or lack thereof, and special protocols
for monitoring food and water intake by inmates under suicide observation or going
through alcohol withdrawal, and protocols for when use of an IV for hydration is
required and/or appropriate and procedures for placing and monitoring an IV.

**RESPONSE:**        Wellpath refers Plaintiffs to its response to Request No. 5.

9.      All documents (including all emails and communications of any kind) of any
internal or external reviews, analysis, audits, assessments of heath or medical care
provided by Wellpath to detainees at ACDF or otherwise relating to the quality of
inmate medical care at ACDF, from the beginning of Wellpath's 2019 contract to
provide services at ACDF and continuing through trial.

**RESPONSE:**        Wellpath objects to this Request to the extent it seeks documents
in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v.
Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Any attempt to conduct discovery
into claims discharged by the bankruptcy court is a violation of Wellpath's rights post-
bankruptcy. *See* Dkt. 160, ¶ 5; *See Also* 11 U.S. Code § 524(a); *In re Paul*, 534 F.3d
1303 (10th Cir. 2008) (Stating that a creditor may be in violation of Section 524(a) if
the creditor acted in such a way as to coerce or harass the debtor). Wellpath will not
produce any documents responsive to this Request.

10.     All documents summarizing facts, circumstances, and resulting actions related
to every detainee/inmate death caused by or related to substance abuse withdrawal
from January 1, 2016 to the present at any facility where Defendant contracts to
provide medical services or involving an inmate that died at the hospital immediately

after (within one month of) detention at such facility.

**RESPONSE:** Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Any attempt to conduct discovery into claims discharged by the bankruptcy court is a violation of Wellpath's rights post-bankruptcy. *See* Dkt. 160, ¶ 5; *See Also* 11 U.S. Code § 524(a); *In re Paul*, 534 F.3d 1303 (10th Cir. 2008) (Stating that a creditor may be in violation of Section 524(a) if the creditor acted in such a way as to coerce or harass the debtor).

Additionally, Wellpath objects to this Request to the extent it seeks documents protected under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"). Wellpath, as a health care provider, participates with a federally certified Patient Safety Organization ("PSO") as part of its patient safety activities, with the goal of improving patient outcomes by allowing healthcare providers to be candid without fear of retribution. Wellpath has maintained a relationship with the Center for Patient Safety since May 26, 2016. The Center for Patient Safety ("Center") was listed by the Agency for Healthcare Research and Quality (AHRQ) as a federally certified PSO on November 5, 2008. The Center has maintained its certification since 2008. Wellpath's PSO participation is governed by the PSQIA and its attendant regulations. In collaboration with the Center, Wellpath conducts patient safety activities as part of its patient safety and quality improvement initiatives. Specifically, one of the main activities includes the collection, maintenance, and analysis of confidential and privileged Patient Safety Work Product ("PSWP").

Exhibit B

Wellpath risks incurring significant penalties for improperly disclosing PSWP. 42 CFR § 102.3. Moreover, PSWP is privileged and shall not be "subject to a federal, state, or local civil, criminal, or administrative proceeding against a provider." 42 U.S.C. § 299b-22(a)(1). The PSQIA has strong preemptive power, and PSWP may not be disclosed. *Id.* There are very limited disclosure permissions outlined in the PSQIA, but those do not apply to the facts and circumstances here.

Moreover, this Request seeks the private medical and/or mental health information of third parties who are not part of the present litigation. Additionally, this Request seeks documents in violation of HIPAA. Wellpath will not produce any documents responsive to this Request.

11.    All records relating to any communications, written or oral, between Wellpath or Wellpath employees, agents, or representatives and H.I.G. Capital, LLC ("H.I.G") or H.I.G. officials, employees, agents, or representatives regarding Adams County contracting with Wellpath to provide medical services at ACDF, including but not limited to entering into the initial contract and the renewal of the contract, analysis of the services provided by Wellpath, complaints or concerns of deficient provision of medical care, and continuation of the contract.

**RESPONSE:**        Wellpath objects to this Request to the extent it seeks documents outside of its possession, custody, and control. Additionally, Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Any attempt to conduct discovery into claims discharged by the

Exhibit B

bankruptcy court is a violation of Wellpath's rights post-bankruptcy. *See* Dkt. 160, ¶ 5; *See Also* 11 U.S. Code § 524(a); *In re Paul*, 534 F.3d 1303 (10th Cir. 2008) (Stating that a creditor may be in violation of Section 524(a) if the creditor acted in such a way as to coerce or harass the debtor). Furthermore, Wellpath objects to this request as an attempt to sidestep the Court's order following a July 14, 2025, Scheduling Conference, during which time the Court stayed this action, including all discovery, against HIG Capital LLC. Wellpath further objects to this Request to the extent it seeks information that is irrelevant to the claims asserted in this case, not proportional to the needs of the litigation, or seeks documents related to claims that have been released in the bankruptcy. Wellpath will not produce any documents responsive to this Request.

12.     All documents summarizing facts, circumstances, and resulting actions related to disciplinary actions involving any Individual Medical Defendant, throughout their employment or period of contracted services relating to alleged deficiencies in medical care and treatment provided, or involving any alleged denial, failure or refusal to provide to any inmates or prisoners at the ACDF with adequate medical treatment and/or other alleged failures in medical/health care of any ACDF inmate.

**RESPONSE:**     Wellpath refers Plaintiffs to its responses to Requests Nos. 3 and 6.

13.     All inmate medical records relating to any detainee or inmate from 2019 to the present who died at ACDF or any ACDF inmate that died at the hospital immediately after (within one month of) release from ACDF, including but not limited to records

Exhibit B

from any internal or external investigations into the death. Plaintiffs are agreeable to the records being confidential under the Protective Order entered in this case and redaction of protected information (such as dates of birth and social security number) redactions at this point.

**RESPONSE:** Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Any attempt to conduct discovery into claims discharged by the bankruptcy court is a violation of Wellpath's rights post-bankruptcy. *See* Dkt. 160, ¶ 5; *See Also* 11 U.S. Code § 524(a); *In re Paul*, 534 F.3d 1303 (10th Cir. 2008) (Stating that a creditor may be in violation of Section 524(a) if the creditor acted in such a way as to coerce or harass the debtor).

Additionally, Wellpath objects to this Request to the extent it seeks documents protected under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"). Wellpath, as a health care provider, participates with a federally certified Patient Safety Organization ("PSO") as part of its patient safety activities, with the goal of improving patient outcomes by allowing healthcare providers to be candid without fear of retribution. Wellpath has maintained a relationship with the Center for Patient Safety since May 26, 2016. The Center for Patient Safety ("Center") was listed by the Agency for Healthcare Research and Quality (AHRQ) as a federally certified PSO on November 5, 2008. The Center has maintained its certification since 2008. Wellpath's PSO participation is governed by the PSQIA and its attendant regulations. In collaboration with the Center, Wellpath conducts patient safety

activities as part of its patient safety and quality improvement initiatives. Specifically, one of the main activities includes the collection, maintenance, and analysis of confidential and privileged Patient Safety Work Product ("PSWP"). Wellpath risks incurring significant penalties for improperly disclosing PSWP. 42 CFR § 102.3. Moreover, PSWP is privileged and shall not be "subject to a federal, state, or local civil, criminal, or administrative proceeding against a provider." 42 U.S.C. § 299b-22(a)(1). The PSQIA has strong preemptive power, and PSWP may not be disclosed. *Id*. There are very limited disclosure permissions outlined in the PSQIA, but those do not apply to the facts and circumstances here.

Moreover, this Request seeks the private medical and/or mental health information of third parties who are not part of the present litigation. Additionally, this Request seeks documents in violation of HIPAA. Wellpath will not produce any documents responsive to this Request.

14.    All documents relating to Wellpath policies and Wellpath employee/contractor training materials regarding the maintenance of jail records, including requirements for logging medical information, inmate movement, controlled substance distribution, receipt and consumption of meals, receipt and consumption of medication, alcohol withdrawal protocol checks and exams, and regular suicide monitoring. Please include policies and training regarding disciplinary actions that may be taken against ACDF employees and contractors for failure to properly maintain records, including falsification of records.

**RESPONSE:**    Wellpath objects to this Request to the extent it seeks documents

Exhibit B

in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Any attempt to conduct discovery into claims discharged by the bankruptcy court is a violation of Wellpath's rights post-bankruptcy. *See* Dkt. 160, ¶ 5; *See Also* 11 U.S. Code § 524(a); *In re Paul*, 534 F.3d 1303 (10th Cir. 2008) (Stating that a creditor may be in violation of Section 524(a) if the creditor acted in such a way as to coerce or harass the debtor).

Wellpath directs Plaintiffs to documents produced in connection with its initial disclosures prior to discharge of the claims against it in bankruptcy.

15.    All documents summarizing facts, circumstances, and resulting actions related to any Wellpath employee/contractor accused of falsifying or failing to properly create or maintain records at any detention facility with which Wellpath contracts to provide medical services from January 1, 2016 to the present.

**RESPONSE:**       Wellpath refers Plaintiffs to its responses to Requests Nos. 3, 6, and 12.

16.    All documents relating to NCCHC or any other accreditation reviews and accreditation findings and certificates of accreditation findings and certificates of accreditation showing status and any limitations on such accreditation such as probation or any other reviews of the medical care provided at ACDF from January 1, 2019 to present. Be sure to include any studies, papers, discussions or reports, including relating in any way to accreditation, health care issues, or problems and/or deficiencies regarding heath care to any inmates in ACDF. Be sure to include any communications, whether former or informal, regarding audits, informal reviews,

Exhibit B

any assessment or communications whatsoever that include Defendants and/or any accrediting or reviewing organizations. Be sure to include any documents relating to any audits, probationary periods, action plans, and the like.

**RESPONSE:**        Wellpath objects to this Request to the extent it seeks documents in an attempt to pursue claims against it discharged in bankruptcy. *Romero, et al. v. Wellpath, LLC et al.*, No. 1:24-cv-00997-SKC-KAS. Any attempt to conduct discovery into claims discharged by the bankruptcy court is a violation of Wellpath's rights post-bankruptcy. *See* Dkt. 160, ¶ 5; *See Also* 11 U.S. Code § 524(a); *In re Paul*, 534 F.3d 1303 (10th Cir. 2008) (Stating that a creditor may be in violation of Section 524(a) if the creditor acted in such a way as to coerce or harass the debtor).

Respectfully submitted on November 6, 2025.

GORDON REES SCULLY MANSUKHANI, LLP

*/s/  Christopher R. Jones*
Christopher R. Jones, # 41488
Allison J. Becker (Pro Hac Vice)
Elizabeth B. McGowan (Pro Hac Vice)

*Attorneys for Wellpath, LLC*

Exhibit B