IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00855-SKC-KAS

ESTATE OF CARL MARTIN, *et al.*,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF GENE CLAPS, *et al.*,

    Defendant.

---

## MINUTE ORDER DENYING AMANDA BECKWITH'S
## PARTIAL MOTION TO DISMISS (DKT. 175)

---

**District Judge S. Kato Crews**

Before the Court is Defendant Amanda Beckwith's Partial Motion to Dismiss (Dkt. 175). The Estate of Carl Martin brought a deliberate indifference claim against Beckwith for her role in Mr. Martin's alcohol withdrawal related death while he was detained in the Adams County Detention Facility (ACDF). The Court has reviewed Defendant's Motion to Dismiss and Reply and finds that her arguments are without merit. Accordingly, the Motion to Dismiss is DENIED.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124–25 (10th Cir. 2010) (internal citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (cleaned up).

The allegations in the Complaint, taken as true, state a deliberate indifference claim against Amanda Beckwith. The Complaint alleges:

- On April 1, 2022, Beckwith knowingly falsified a report on Mr. Martin's alcohol withdrawal symptoms. Dkt, 78, ¶133. Video recordings from that day show Mr. Martin was agitated and disoriented, and ACDF deputy reports described Mr.

Martin as delirious and hallucinating, which are signs of severe alcohol withdrawal. *Id.*

- On April 3, 2022, Beckwith conducted a suicide watch check on Mr. Martin and concluded that he "was not oriented to person, place, and time; not easily engaged; not neat; not making eye contact; not future oriented; confused; little to no eye contact; odd/bizarre; unkempt/malodorous; nonsensical/disorganized; expressing concern about his ability to cope; and expressing thoughts/place for suicide." *Id.* ¶182.
- Beckwith did not contact a psychiatrist or other high-level medical provider after her suicide watch check. *Id.* ¶183.
- It is unclear how thorough Beckwith's evaluation of Mr. Martin was or whether it occurred at all. *Id.* ¶184. Video footage shows that at no time did Beckwith enter her cell, and it is thus likely that she based her evaluation solely on the deputy's observations and did not perform her own assessment. *Id.*

On these facts, the Court does not believe that dismissal is appropriate. At a minimum, discovery is needed to determine whether Beckwith's reports were false and whether she examined Mr. Martin on April 3. And these contradictory facts are best left for summary judgment or trial. Accordingly, Plaintiffs have pleaded sufficient facts to state a deliberate indifference claim against Beckwith.

The Motion is DENIED.

DATED:     March 4, 2026

2